BERT ROBINSON v. GEORGE HALLEY, Appellant.

**Distraint of stock:** DAMAGES. The fact that there were no trustees 1 of the township wherein stock was distrained, to appraise the damage, does not affect the right of recovery thereof.

**Evidence.** In an action for assault, a non-medical witness may state 2 whether the injury appeared recent, and may describe it.

**Same.** Evidence of complaint of pain at time of injury is admissible 3 in an action for assault.

**Same.** Where there is no objection to incompetent evidence its admis- 4 sion is proper.

**Withdrawal of issue.** Where no actual damage for an assault is 5 found, error in withdrawing from the jury an issue of plaintiff's malice was not prejudicial.

*Appeal from Story District Court.*— HON. J. H. RICHARD, Judge.

TUESDAY, JULY 12, 1904.

THE plaintiff brought two suits to recover damages caused by trespassing stock, and the cases were consolidated and tried as one in the district court. The defendant counterclaimed for damages for an assault and battery. There was a verdict and judgment for the plaintiff, from which the defendant appeals.— *Reversed.*

*J. F. Martin,* for appellant.

*E. H. Addison* and *Fitchpatrick & McCall,* for appellee.

SHERWIN, J.— The trespassing stock was distrained by the plaintiff and kept by him several weeks before it was released to the owner, and a part of his claim was for keeping the stock during that time. There were no trustees in the township wherein the stock was distrained, and consequently the plaintiff could not comply with the terms of section 2317 of the Code, which provides for an assessment of damages by the township trustees. The statute gives the right of distraint, and allows the cost of keeping during such distraint, and it is evident that the injured party cannot lose those rights by reason of the defective township organization, for which he cannot be blamed.

Though it is not entirely clear that the owner of the stock can fully protect himself against unjust claims under the provisions of the statute, we are inclined to the view that the stock might be released by a bond in the nature of a supersedeas bond, as provided in section 2318. This point we need not determine definitely, however, for, if one of the parties must suffer because there were no trustees in the township, the owners of the trespassing stock should bear the burden which they have caused by a failure to restrain their stock, rather than an innocent party. We think there was no error in receiving evidence as to the value of keeping the stock, or in permitting a recovery therefor.

The defendant claimed that one of his shoulders was severely injured by the plaintiff in his assault upon him, and attempted to prove its appearance immediately after the encounter; and his wife was asked whether the injury to the shoulder appeared recent or otherwise, and to describe it. She was also asked whether the defendant complained of present pain in the shoulder at that time. None of this testimony was admitted, and therein was error. It does not require a person of medical skill to tell whether an injury appears recent or otherwise, or to describe the injury. That complaints of present pain are competent is too well settled to require the citation of authority in support of the rule.

The plaintiff was asked whether he did anything that could have caused the injury the defendant complained of. The question clearly called for incompetent testimony, but, as no proper objection was made thereto, there was no error in permitting the answer.

The court erred in withdrawing from the jury the question of the plaintiff's malice, but it was not prejudicial in this instance, because of the jury's finding that no actual damage was suffered on account of the assault. *Myers v. Wright*, 44 Iowa, 38.

The other errors discussed are not likely to arise upon another trial, and we need not further notice them.

For the errors pointed out, the judgment is REVERSED.