## AUSTIN v. AUSTIN.

1. DIVORCE—CONDONATION—EXTREME CRUELTY.
   Numerous but unsuccessful attempts on the part of a wife to live peaceably with her husband, who treated her with extreme cruelty, did not condone the offense so as to deprive her of her right to a divorce.

2. SAME—ALIMONY.
   An allowance of $20 a month for the support of a four-year old child was reasonable.

Appeal from VanBuren; Des Voignes, J. Submitted

October 18, 1912.   ( Docket No. 11.)   Decided November 8, 1912.

Bill by Myrtle Austin against Merle Austin for divorce. From a decree for complainant, defendant appeals. Affirmed.

*Thos. J. Cavanaugh,* for complainant.

*Cole & Goembel* and *David Anderson,* for defendant.

MOORE, C. J.   This is a divorce proceeding. The parties were married February 23, 1902, and lived together until March 8, 1911.   One child was born to them, and this child at the time the bill was filed was four years of age.   From a decree in favor of the complainant the case is brought here by appeal.

The charge in the bill of complaint is extreme cruelty, alleged to be evidenced by beating complainant, by calling her vile names, by dragging her out of bed and striking her, and by other acts of cruelty not necessary to state here.   Complainant also charges defendant with infidelity to her.   The defendant answered, denying the charges. The case was put at issue and tried in open court.   The testimony was very conflicting.   The defendant was a witness, and among other things drawn out upon the cross-examination was the following:

" I told him (a brother of complainant) like this: She told around I pounded her.   I says, if she is going to tell those things, I might as well have the game as the name. I did slap her.   I don't know how many times.   I can't tell how many times.   I can't count them today.   I didn't slap her every time I felt like it.   I felt like it a lot of times I didn't.   I have slapped her with my hand, not always across the face, have slapped her arms, and sometimes I have slapped her on the face.   I don't know where I have slapped her.   Wherever it came handy I would strike or slap her."

At another place he said:

"I kicked off my rubber boot, and it flew off and hit her. I didn't have any intention of hurting her.

"*Q.* What did you want to kick a rubber boot at her if you didn't?

"*A.* Why because I was—she was nagging at me. I told her to keep still, or I would throw it. I was in anger, mad."

Again:

"I don't remember any occasion on Christmas eve. I don't remember of pulling her hair on that night. I have pulled her hair sometimes when she had both hands clawed into mine, to make her let loose. I slapped her because she was nagging me."

His excuse was that he was nagged beyond endurance.

Counsel claim that what occurred were mere wrangles that should not be regarded as a cause for divorce. It is further claimed (we quote from the brief):

"Some things that counsel does not say in his brief are impressive. For example, why does he ask for a divorce on the ground of contracting a venereal disease when his client swears that this occurred in December, 1909, that she fully and freely forgave, and she saw no evidence that he ever repeated that offense. The record demonstrates, further, that, if he ever was guilty of any pounding or slapping or harsh language, she forgave that. Why does not counsel discuss the proposition of condonation, and show either that there was no condonation or that the offenses were legally revived. Where is there any evidence in this record to show revival of these forgiven offenses?"

The case was argued orally at great length, counsel insisting that no case had been made, but if, admitting for the sake of the argument that it was established, then it was contended the offenses had been condoned.

We have read this record with care. It is not necessary to recite its contents. A very strong case is made for the complainant which is not wiped out by the several efforts of complainant to get along with defendant.

Complaint is made as to the provisions of the decree in regard to the little property and an allowance for the sup-

port of the child. The decree as to the property follows an agreement made between the parties, and is not unreasonable.

The allowance of $20 a month for support of the child is not excessive.

The decree is affirmed, with costs.

STEERE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.