# JOHN H. WAGNER

*vs.*

# SARAH R. WAGNER.

*Divorce*: *condonation; not absolute forgiveness; subsequent*
*offenses.*

Condonation is not an absolute but only a conditional for-
giveness of marital misconduct.　　　　　　　　　　p. 348

If there is a breach of the condition inherent in the condo-
nation, the original grievance as a cause for divorce is at once
revived. ⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀⸀　　　　　　　　　　p. 349

While a divorce will not be decreed because of acts of adul-
tery committed after the filing of the bill, yet such subsequent
misconduct may be relied upon to nullify the effect of condo-
nation set up in defense of the bill.　　　　　　　　　　p. 350

*Decided February 15th, 1917.*

Appeal from the Circuit Court of Baltimore City. (DAW-
KINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Louis J. Burger* and *George Whitelock,* for the appellant.

*W. Herdman Schwatka,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant sued for divorce from his wife on the ground of adultery. No defense was made to the suit in the first instance, and the offense charged in the bill was duly proved. When the case was ready for a decree the defendant represented to the judge before whom it was pending that her husband had cohabited with her since the institution of the suit. In view of this information the Court declined to decree the divorce, but the bill was not dismissed.

The plaintiff subsequently filed a petition in which he denied his wife's statement as to the resumption of their marital relations, and alleged that she continued to commit adultery after making the representations which induced the Court to refuse the divorce. The petition prayed that the case be remanded for further proof, and an order was passed for that purpose. Both parties then offered testimony upon the issue as to whether there had been cohabitation since the acts of adultery charged in the bill of complaint, the commission of the offense not being disputed. It had already been proved that the plaintiff left his wife in July, 1915, on account of her marital infidelity, but the defendant testified that he afterwards frequently visited her in the home in which she had remained, and that marital intercourse repeatedly occurred on such occasions until April, 1916, when the visits were finally discontinued. It was admitted by

the plaintiff that he often returned to the home after separating from his wife, but he stated that he went there solely for the purpose of seeing their only child, a boy five years of age, who had been left with his mother under an agreement that the plaintiff would make weekly payments for his support, and it was denied by the plaintiff that he at any time cohabited with his wife after the commission of the offenses which caused their separation. The defendant's mother and uncle testified that on the occasion of the plaintiff's visits to his former home he was sometimes alone with his wife in her room, although the child was usually present. In April, 1916, as the evidence shows, the defendant was ill, and at her request the child was taken by the father and has since remained in his custody. The testimony is direct and uncontradicted that in July, 1916, the defendant was continuing her adulterous relations with the same person who was implicated in the marital offenses originally proven.

Upon a resubmission of the case for final decree the divorce was denied and the bill dismissed on the ground that the adultery of the wife charged in the bill had been condoned, and that the repetition of the act with the same person after the suit, while provable for corroborative purposes, could not be made the basis of a decree dissolving the marriage. From that decision the plaintiff has appealed.

In our view of the case a divorce should have been granted. Even if we were to conclude from the evidence that, after the adulteries charged in the bill of complaint were committed, the husband sustained relations with his wife which had the effect of condoning those offenses, which is a question we do not find it necessary to decide, yet she is shown to have been guilty of flagrant marital infidelity subsequent to the latest period to which the acts of condonation can be referred. It is an established principle in the law of divorce that condonation is not an absolute but a conditional forgiveness of marital misconduct. It is an excuse for past offenses upon the implied condition that the marriage vows shall there-

after be duly regarded. It is not a license for their continued violation. If there is a breach of the condition inherent in the condonation, the original grievance, as a cause of divorce, is at once revived. These principles are clearly stated in the opinion delivered by JUDGE BOYD in the case of *Fisher* v. *Fisher,* 93 Md. 298, when previous decisions on the subject are cited and discussed.

It appears from the opinion filed by the Court below that the conclusion it reached was influenced by the case of *Schwab* v. *Schwab,* 96 Md. 592, where it was held that a plaintiff who had filed a bill for divorce charging the defendant with having committed adultery with a designated person, was not entitled to file a supplemental bill in the same suit alleging similar offenses with other persons, after the suit was brought, as a cause of divorce in that proceeding. The Court recognized, however, certain important exceptions to the general rule upon which its decision was based. The exceptions were thus stated: "When the defendant has been guilty of subsequent acts of adultery with the same person who is named as *particeps criminis* in the bill, the subsequent acts may be shown as tending to explain or corroborate evidence already taken in reference to the acts originally charged, as was the case in *Thayer* v. *Thayer, supra* (101 Mass. 111). Or where a condonation of the adultery alleged in the bill had been set up in defense of the action, when acts of adultery committed by the defendant *pendente lite* were permitted to be set up by supplemental bill because they operated to revive the original cause of action, as was the case in *Lutz* v. *Lutz. supra* (52 N. J. Eq. 241)."

The facts of the case now before us clearly bring it within one of the exceptions to the rule, and not within the terms of the rule itself, upon which the decision below appears to have been largely predicated and upon which it is sought to be sustained on appeal. The proposal here is not that a divorce should be decreed on the ground of the adultery committed by the defendant after the institution of the suit,

but that this subsequent misconduct, as alleged by supplemental petition and duly proved, should be held to nullify the effect of the condonation relied upon as a defense. According to the defendant's own testimony, she had no opportunities for marital relations with her husband after April, 1916, and she makes no denial of the charge and proof that she was guilty of adultery in the following July. If the earlier offenses were condoned, as she testifies, it was upon an implied condition of future fidelity. By her violation of that condition she has revived the original grievance and has debarred herself from the only defense upon which she has sought to rely. The alleged condonation having been rendered ineffective by the defendant's later misconduct, and the marital offenses which prompted the suit having been thus restored as an existing and proven cause of divorce, the plaintiff was entitled to relief upon that ground. The decree will, therefore, be reversed and the cause remanded, to the end that a decree may be passed divorcing the parties *a vinculo matrimonii.*

> *Decree reversed and cause remanded, the appellant to pay the costs.*