LOUIS FEKANY v. FEKANY.

160 So. 192.

Division B.

Opinion Filed March 12, 1935.

*Pleus, Williams* and *Pleus,* for Appellant;
*Clark W. Jennings,* for Appellee.

TERRELL, J.—Complainant, Olga Fekany, exhibited her bill of complaint in the Circuit Court of Orange County praying for divorce, the custody and care of the six children of herself and the defendant, Louis Fekany, temporary and permanent alimony, attorney's fees, injunction restraining the defendant from interfering with her or her property, confirmation of her right and title in and to certain property, and for general relief.

A general and a special demurrer to the bill of complaint were overruled and defendant filed his answer in which he admitted the marriage and birth of the children but denied all the other material allegations of the bill. In the thirteenth and fourteenth paragraphs of his answer he sets up as affirmative matter of defense grounds for a divorce against complainant and a scheme on her part to defraud him of his property therein described. A demurrer to the ninth, tenth, thirteenth paragraphs of the answer was sustained but it was overruled as to the fourteenth paragraph. A special master was appointed, testimony was taken, and on final hearing the master found the evidence insufficient to grant the divorce, alimony, or attorney's fees as prayed for by complainant, and that it was insufficient to grant the affirmative relief prayed for by defendant.

The complainant filed exceptions to the report of the master but the Chancellor overruled said exceptions and confirmed the master's report. The Chancellor then entered his final decree in which he denied a divorce to both parties, and denied alimony to complainant, but awarded her attorney's fees and costs and confirmed her title in and to certain lands more specifically described in the bill of com-

plaint. From this final decree defendant appealed and complainant filed cross assignments of error.

On the main appeal nine questions are argued but they all turn on the sufficiency of the bill to state a cause of action for divorce, whether or not the bill is duplicitous or multifarious, and whether or not on the grounds stated the complainant should have been awarded costs and attorney's fees. On the cross appeal three questions are argued but they turn on the question of whether or not the Chancellor erred in refusing to award the appellee a divorce and support for her children.

The challenge to the sufficiency of the bill of complaint is grounded on the charge that it sets up only isolated acts of cruelty, temperamental outbursts, and mistreatment on the part of the defendant to the complainant, none of which were habitual nor had they been so frequent as to cause mental anguish, pain or suffering to the complainant, nor were they of such degree as to make the marital state an intolerable burden to her.

The divorce of complainant is sought on the ground of cruel and inhuman treatment and frequent indulgence in a violent and ungovernable temper. Adultery and later impotency are thrown in as aggravating ground. It is in substance alleged that at various and sundry times throughout their married life complainant has been compelled to live in the house with defendant's father and mother and other relatives, that she was compelled by defendant to obey them and wait on them, that his mother cursed and abused her, that defendant abused her, struck her frequently, and called her and her mother opprobious and vile names, denied her privileges and comforts that she was entitled to, cursed and slapped her at various and sundry times, and conspired with one named Homes to intimidate and compel her into

giving up certain real estate belonging to her and described in the bill of complaint.

It is alleged that this course of conduct was indulged in for practically all their married life of nineteen years. True, no specific act is alleged to have been committed from start to finish, but like the fox in the fable he had a bag full of tricks, exploiting first one and then the other to humiliate his wife. On the whole the allegations and the proof show that the defendant was not only cruel and inhuman in the treatment of his wife, but had little or no appreciation for his marital duty and responsibility. His conduct toward her was reprehensible and barely rises above that which is said to have prevailed among his remote forebears when they swung by their tails from limb to limb in the far reaches of the jungle enforcing a crude discipline by tooth and claw. He was just turned forty. It may be that his alleged impotency was an instance of condign punishment imposed to intercept the spread of his progeny. We are told that Ananias was struck dead for a lesser offense. It would be difficult to form a feminine concept clothed in the habiliments of civilization who would not be enraged at such course of treatment or whose marital state would not be rendered opprossive, humiliating, and an intolerable burden thereby. The bill of complaint met all the requirements of good pleading.

But it is contended by defendant that his conduct to complainant was condoned by her, consequently this suit can avail nothing. Condonation in the law of divorce is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated, and that the offender shall thereafter treat the forgiving party with conjugal kindness. Williams v. Williams, 23 Fla. 324, 2 So. 768; Wagner v. Wagner, 130 Md. 346, 100 Atl. 364; Austin

v. Austin, 172 Mich. 620, 138 N. W. 215; Ellithorpe v. Ellithorpe (Iowa) 100 N. W. 328.

In the last cited case it was held that there could be no condonement of abuse of a wife by her husband when the past was not discussed, and there was no promise of conjugal kindness in the future. There is no showing in this case on the part of defendant of penitence for past conduct or a promise by him of more human conduct in the future. In fact, there is no showing of a reconciliation between them at any time. The cruelty complained of consisted of a series of wrongs running over many years. Cohabitation under such circumstances in the hope of better treatment or a better understanding does not constitute condonation, neither will the fact that the wife has made repeated efforts to get on with the husband amount to condonation. 19 C. J. 85.

It is next contended that the bill of complaint is multifarious in that it prays for divorce, injunction, and the confirmation of complainant's title to certain lands more particularly described herein, all in one suit.

This Court has approved the doctrine that multifariousness goes to convenience more than it does to the merits and that when there is a general demurrer for want of equity a ground of demurrer for multifariousness may not avail if there is equity in the bill. Mountain v. King, 75 Fla. 12, 77 So. 630; Warren v. Warren, 66 Fla. 138, 63 So. 726; Prest, *et al.,* v. Hammock, *et al.,* 92 Fla. 941, 111 So. 112. In the case at bar the bill contains equity. The assault on it was by general demurrer. It was therefore unavailing.

In Milton v. City of Marianna, 107 Fla. 251, 144 So. 400, we held that where two or more controversies between the same parties can be determined in one suit as well as

in several, and such procedure does not interfere with the proper administration of justice, an objection for multifariousness may be properly overruled. Taylor v. Taylor, 100 Fla. 1009, 130 So. 713; Forcheimer v. Foster, 192 Fla. 218, 68 So. 879; Singleton v. Knott, 101 Fla. 1077, 133 So. 71. The challenge in this cause for multifariousness concerned matters affecting only the parties hereto and property rights claimed by both of them. It was well within the class of controversies that can be adjudicated in one suit.

The only other question we deem it necessary to discuss is whether or not the chancellor erred in denying the cross appellant a divorce and support for her children.

On the question for divorce the allegations of the bill of complaint are ample and the evidence in support of them, if believed, is sufficient to warrant the relief prayed for. On the question of support for the children the record discloses that the defendant is able to contribute to their support and that they are in need of such contribution. The law makes it his duty to support them. State, *ex rel.* Airston v. Bollinger, *et al.,* 88 Fla. 123, 101 So. 282, 7654 Compiled General Laws of 1927, 5496 Revised General Statutes of 1920. The father is not relieved of his duty even in the case of ample showing on the part of the mother to do so and here there is no such showing.

On this ground or cross assignment the judgment below is reversed, otherwise it is affirmed.

Affirmed in part, reversed in part.

Ellis, P. J., and Buford, J., concur.

Whitfield, C. J., and Davis, J., concur in the opinion and judgment.

Brown, J., concurs in the conclusion.