**DOROTHY S. KUTNER v. HERBERT J. KUTNER**

33 So. (2nd) 42
December 16, 1947

June Term, 1947
En Banc

Rehearing denied January 12, 1948

*Waybright & Waybright,* for appellant.

*Macfarlane, Ferguson, Allison & Kell,* for appellee.

BUFORD, J.:

From a decree granting divorce on cross complaint filed by the defendant, the plaintiff, cross-defendant, appeals.

The record shows that the original plaintiff came to Florida for the sole purpose of obtaining a divorce; that she immediately consulted an attorney and delineated her alleged grounds for divorce and employed him to proceed with such suit. The attorney advised her that she would have to establish her residence in Florida and remain here for 90 days before the suit for divorce could be filed. The attorney prepared bill for divorce and turned it over to another attorney to be filed after the expiration of 90 days. Plaintiff at no time saw or consulted in any way with the attorney who signed and filed the bill on November 7, 1946. She did not remain in Florida but shortly, and long before the expiration of the required 90 days, returned to New York.

The defendant was a non-resident.

On November 20th 1946 defendant filed answer admitting the allegations of the bill and a waiver wherein he waived notice of final hearing and of exceptions to findings of the court and to all other proceedings. Thus the case stood until a

stipulation was entered into between the attorneys of record for the respective parties providing that the court might enter an order allowing defendant to file an amended answer incorporating counter claim and prayer for divorce. Such order was made and defendant filed such pleading.

In such amended answer the defendant said:

"1. This defendant answering paragraph 1 of said bill of complaint admits that each of the parties herein are over the age of twenty-one years and that the plaintiff is a resident of the State of Florida, and has been such resident for more than ninety (90) days last and prior to the filing of the bill of complaint on November 7, 1946."

It then denied material parts of the answer and alleged the existence of causes for divorce on the part of the wife and prayed for decree of divorce.

Thereafter, defendant, cross-plaintiff, filed motion for decree pro confesso against the original plaintiff because there had been no response filed to his cross-bill and the court on May 12, 1947, entered an order awarding decree pro confesso, which decree was entered on May 13th.

On May 26, 1947, the original plaintiff, through the attorney whom she had first employed, filed a petition praying that the decree pro confesso be set aside together with an answer to the cross-complaint in which it was alleged:

"That sometime during the month of January, 1946, she consulted Mrs. Jerome J. Lande, an attorney in New York City, in reference to a divorce and a stipulation was drawn between the plaintiff and defendant and while she had never been a resident of Florida, it was contemplated that she would establish her residence in Florida. Later in July of 1946 the plaintiff did go to Florida and consult with Edgar W. Waybright, Sr., in reference to her grounds for divorce and in reference to the necessary residence in Florida and was advised by him that she would have to be a resident of Florida for ninety days with the intent to remain in Florida permanently before she could file a suit for divorce, and she employed him to secure said divorce and paid him therefor, but within a few days thereafter changed her mind and left the State of Florida, but without her knowledge Mr. Waybright

had referred said cause to Mr. W. C. Minger of Macclenny, Florida, and in due course Mr. Minger believing that she was still a resident of Florida filed said suit, together with an answer and waiver signed by the defendant and thereafter when she learned that said suit had been filed under a misapprehension as to her residence she requested that the same be dismissed, but ascertained that a cross-complaint has been filed and the plaintiff, Dorothy S. Kutner, answering said cross-complaint, says:

On May 31st, pursuant to order of court, depositions were taken and submitted to the court. A decree of divorce was entered.

On June 5th motion was filed by the original plaintiff to vacate the decree of divorce obtained by the defendant and to dismiss the cause upon the ground that the court was without jurisdiction because of the non-residence of either party to the suit. This motion was denied and the original plaintiff appealed.

The record shows conclusively that neither party to this suit was ever a resident of Florida for the statutory period of 90 days.

In Phillips v. Phillips, 146 Fla. 311, 1 So. (2nd) 186, we held:

"In divorce action, the matter of residence for the statutory period is jurisdictional and jurisdiction cannot be acquired or exercised by or pursuant to agreement between the parties.

"In divorce action, jurisdiction cannot be assumed by decree pro confesso.

"In divorce action, jurisdictional prerequisite of bonafide residence in Florida for statutory period cannot be established by uncorroborated testimony of the plaintiff.

"The taking up of abode in Florida for sole purpose of prosecuting a divorce suit is not the establishment of a bona fide 'residence' in Florida since there must be coupled with the sojourn in the State the intent to make the State the legal residence of the plaintiff."

Also see Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; Wade v. Wade, 93 Fla. 1004, 113 So. 374; Beekman v. Beek-

man, 53 Fla. 858, 43 So. 923; Herron v. Passailaigue, 92 Fla. 818, 110 So. 539; Fowler v. Fowler, 156 Fla. 316, 22 So. (2nd) 817.

The record shows conclusively, as has been hereinbefore stated, that neither party to this suit was ever a resident of Florida within the contemplation of the statute requiring 90 days bonafide residence of the plaintiff to confer jurisdiction on the court. Therefore, the decree of divorce was entered without the court having jurisdiction to enter the same.

The decree appealed from is, therefore, reversed with directions that the cause be dismissed.

So ordered.

TERRELL, ADAMS and SEBRING, JJ., concur.

THOMAS, C. J., CHAPMAN and BARNS, JJ., dissent.

BARNS, J., dissenting:

The error complained of was induced by an alleged false allegation by plaintiff, in her bill, of a fact going to her right to institute the suit. The chancellor found such fact to be true. Now the appellant seeks reversal because of the error of the chancellor in finding such false allegation to be true. An invited error is not, under all the facts here, ground for reversal; it is invited error.

CHAPMAN, J., concurs.