MILLEDGE, STANLEY, Associate Judge
(dissenting).
I respectfully dissent from the majority judgment of affirmance in this case.
The parties were married in 1934. In August 1956, while there was pending a suit for divorce in Collier County, Florida, brought by the wife, the parties entered into a written “reconciliation agreement.” This agreement recited that “the differ-enees between the parties have been resolved to their mutual satisfaction, and the parties hereto have agreed to reconcile, each with the other, in good faith for the purpose of preserving their home and family unit.” The agreement also settled the financial affairs of the parties. Following this agreement the parties resumed cohabitation. This continued until February 1958, when they separated and this suit was brought shortly thereafter. The complaint does not charge any specified ground for divorce but the acts relied on indicate the ground of extreme cruelty by the defendant to the plaintiff and at the beginning of the trial the judge asked counsel if that was the ground relied on to which counsel replied in the affirmative.
With the possible exception of one answer to a question (hereafter discussed) all of the plaintiff’s testimony concerned the conduct of the defendant before the reconciliation — some of it as much as 18 years before. These acts were condoned. Even the resumption of cohabitation with knowledge of the offense amounts to an unqualified condonation. Crews v. Crews, 130 Fla. 499, 178 So. 139. Here, the parties clearly expressed their intentions to condone each other’s marital offenses. The plaintiff does not challenge the accuracy of these expressions of purpose.
The condonation of a marital offense deprives the condoning spouse of the right thereafter of seeking a divorce for the condoned offense. Phillips v. Phillips, 146 Fla. 311, 1 So.2d 186; Masilotti v. Masilotti, 150 Fla. 86, 7 So.2d 132. The condonation, of course, does not bar relief from misconduct occurring thereafter, and if it is of the same nature as the conduct condoned, the previous misconduct is “revived”. North v. Ringling, 149 Fla. 739, 7 So.2d 476.
The plaintiff has proved nothing on which a decree of divorce could be based *23 unless the one answer of the plaintiff, above referred to, is sufficient proof of extreme cruelty or is sufficient to revive the previously condoned acts. In this one answer the plaintiff begins by saying that “since 1950 my husband has stopped talking to me, he just refused to say one word to me unless I asked him a question.” Assuming that extreme reticence is extreme cruelty, the inference is more reasonable that the plaintiff meant before the reconciliation than that she meant afterward. The same is true of what followed. “He does not come to dinner, now he does not at all.” She could not have meant at the trial since she separated from the defendant before she brought suit. The context indicates that she meant before reconciliation. So of the incident when defendant telephoned the plaintiff, then ill, to have the maid bring the defendant’s suits to the plaintiff for inspection to determine which needed cleaning and the inspection revealed pancake makeup. Is the plaintiff entitled to a divorce upon such testimony?
Reconciliation based on condonation is not lightly to be disregarded. Public policy, even in this enlightened age, favors the preservation rather than the destruction of the marriage relationship. Con-donation means nothing if the condoning party, merely by repenting the decision to condone, may obtain a divorce decree without subsequent misconduct. Is subsequent misconduct to be assumed from ambiguous testimony which could better be ascribed to the period before condonation than to the period after? This is evident from the testimony of the plaintiff as a whole. It is clear that the misconduct which she considers significant is that which occurred before condonation. It is her reconsideration of these acts rather than conduct since condonation which preceded the separation. She did not say or even suggest that defendant’s conduct since condonation produced the separation because continued cohabitation was impractical. Having obtained by the “reconciliation agreement,” a very favorable property division, she now seeks to obtain a divorce on the basis of conduct occurring before the agreement. The principle of estoppel fortifies the consequences of condonation.
The consideration of this case is based entirely on the testimony of the plaintiff. That part of the record dealing with the corroboration by deposition is not in the files of this court; consequently it has been assumed that the plaintiff’s testimony was corroborated in every particular.
I, therefore, feel that the judgment on this appeal should be one reversing the decree.