MANN, Judge.
The trial judge, on petition for modification, increased the support allowance for each child from $15 per week to $20. The husband’s income had nearly doubled in the three years since the divorce, but the wife was also employed and could contribute. The order of modification recites that the wife has bought a new car and joined the country club, and that she ought to bear a part of the responsibility for supporting the children. There is a certain legislative logic in this view, but the judicial precedents which bind us forbid its application. Florida is one of the states which places the entire burden of supporting the children on the father if he has the means to support them. Accordingly, we must reverse and remand for further consideration in the light of Dworkis v. Dworkis, Fla.App.1959, 111 So.2d 70 and Fekany v. Fekany, 1935, 118 Fla. 698, 160 So. 192. See also Annot., 1 A.L.R.3d 324, 336.
We find that oral argument would serve no useful purpose and it is therefore dispensed with pursuant to F.A.R. 3.10e, 32 F.S.A.
LILES, J., concurs.
PIERCE, C. J., dissents.