HOBSON, Judge.
Respondent Richard Arliss Lemon appeals a final judgment of dissolution of marriage, contending that the lower court did not have jurisdiction to proceed to final judgment where the petitioner’s testimony as to residency was not corroborated.
The record on appeal contains the transcript of a hearing held on June 26, 1974. At that hearing petitioner Patricia Jane Lemon testified that she had resided in Florida for about sixteen years, but her testimony was not corroborated by any other witness. She also stated that she had a voter’s registration and driver’s license, but these were not introduced into evidence.
The courts of Florida have held that the residency requirement of § 61.021 F.S. and its predecessor is jurisdictional. Wade v. Wade, 1927, 93 Fla. 1004, 113 So. 374; Chisholm v. Chisholm, 1929, 98 Fla. 1196, 125 So. 694; Phillips v. Phillips, 1941, 146 Fla. 311, 1 So.2d 186; Kutner v. Kutner, 1947, 159 Fla. 870, 33 So.2d 42; Wise v. Wise, Fla.App. 1st 1975, 310 So.2d 431. The Florida residency requirement may not be established by the uncorrobor *624 ated testimony of the petitioner. Sec. 61.-052(2) F.S.; Phillips, supra; Kutner, supra; Wise, supra. See Caizza v. Caizza, Fla. 1974, 291 So.2d 569.
Since petitioner failed to establish the statutory prerequisite of residence, the lower court lacked jurisdiction to enter a final judgment.
Reversed.
McNULTY, C. J., and BOARDMAN, J., concur.