SMITH, Judge.
Appellant Ms. Guilbeau was divorced from appellee Mr. Dubberly in 1965. In the divorce decree the Duval County circuit court ordered him to assign to her his undivided interest in a note and second mortgage which they previously held by the entireties. Custody of the children, then ages 13,10 and 7, was awarded to the wife, who was ordered
“ . . .to use all payments made to her on account of said note for the benefit and support of the said minor children of the parties and is prohibited from using the proceeds of said note for any other purpose. Plaintiff may not sell, transfer, or negotiate said mortgage or note, without first applying for, and receiving the permission of this Court.”
The decree also directed Mr. Dubberly, who had been ill and was of doubtful earning ability, to pay appellant $25 per week to support the three children. She sought no alimony. Mr. Dubberly discontinued making the support payments almost immediately, although he purchased items for the children and made advances to them occasionally.
In 1972, although he was several thousand dollars in arrears in child support payments, Mr. Dubberly complained to the trial court that Ms. Guilbeau “has been incredibly parsimonious with regard to caring for and supplying the modest material and personal needs of the said children,” and that she had deprived the children “of their property rights and assets,” i. e., the mortgage and the proceeds of it. In the intervening seven years, Ms. Guilbeau had been obliged to protect the second mortgage by buying the defaulted first mortgage at a cost of $3,775, paid from her individual savings; both mortgages were then paid off, giving her $24,400 in cash; she spent approximately $4,400 of the fund for the direct or indirect benefit of the children; the elder child became self-supporting and another, now 18, was working part time; and Ms. Guilbeau came to regard the balance of the $20,000 fund as her own, subject to educational and other needs of the two younger children.
Upon consideration of the matter, the trial court held at the instance of Mr. Dub-berly that Ms. Guilbeau should immediately pay $5,500 of the fund to the 20-year old married son of the parties and place the balance in trust for the two daughters — one of whom was 18, working and living away, the other 15 and living with her mother-— until distribution should be made to them at age 23. Also, the trial court gave Mr. Dub-berly credit against his arrearages for some $6,000 in gifts made and expenses incurred by him in connection with the children since 1965, and ordered him to pay support ar-rearages of $3,370 to Ms. Guilbeau in monthly $200 payments.
The 1965 divorce decree purported to charge the wife’s half-interest in the note and mortgage with support of the children. At least to the extent that the husband was able to support the children by paying $25 per week support and assigning his share of the mortgage receipts, in 1965 it was improper to place a formal obligation on the wife or on her independent property for the support of the children. Fekany v. Fekany, 118 Fla. 698, 160 So. 192 (1935); Berger v. Berger, 182 So.2d 279 (Fla.App. 4th, 1966). Contrast ch. 71-241, § 15, Fla. Laws, § 61.13(1), F.S.1975; Siegel v. Zimmerman, 319 So.2d 187 (Fla.App.3d, 1975). Ms. Guilbeau did not appeal that error, but simply went to work to produce an income sufficient to support the household without direct financial assistance from Mr. Dub-berly.
Then, seven years later, Ms. Guil-beau was ordered to turn over to her children the $20,000 fund which survived as a result of her employment, her savings, her protection of the second mortgage and, perhaps, her asserted parsimony in dealing *841 with the teenagers’ declared financial needs. Whether she erred in neglecting the children’s educational aspirations and in skimping on clothes or automobiles, we cannot say. But if she erred in that, the proper remedy was for Mr. Dubberly to pay support money and for the court to more closely order its spending. It was not a proper remedy to divest Ms. Guilbeau of her own property and to vest it, either as a judicially enforced gift or as recompense for suffering a parsimonious mother, in the children.
In determining whether in 1972 any part of the remaining fund held by Ms. Guilbeau was traceable to Mr. Dubberly’s former interest and was thus expendable only for the children, we consider that the portion of the fund attributable to his former interest should have been entirely charged with the children’s support since 1965 before considering that Ms. Guilbeau spent any of her money for that purpose. With that view, and taking into consideration both the prospective needs of the 15-year old daughter in 1972 and the $8,370 payment the court then required of Mr. Dubberly, we conclude that Ms. Guilbeau was not then the debtor of either her former husband or her children and that, except insofar as the 1972 decree orders him to pay her $3,370 in ar-rearages, the decree is in error and should be reversed.
AFFIRMED IN PART AND REVERSED IN PART.
MILLS, Acting Chief Judge, and MELVIN, WOODROW, Associate Judge, concur.