349 So.2d 823 (1977)
Melvin B. FRUMKES, Appellant,
v.
Natalie FRUMKES, Appellee.
Nos. 76-1150 and 76-1151.
District Court of Appeal of Florida, Third District.
September 13, 1977.
Rehearing Denied September 29, 1977.
*824 Norman K. Schwarz, Abbott, Frumkes & Alhadeff, Miami Beach, for appellant.
Juan P. Loumiet, Coral Gables, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is an appeal from a trial court order denying a petition for modification of child support filed by a husband in a divorce action. The husband [Melvyn Frumkes, the appellant] has custody and sole support of the parties' minor children by virtue of a 1966 divorce decree which he now seeks to modify by requiring the wife [Natalie Frumkes, the appellee] to contribute some support for their children.
To be entitled to a modification of child support established by a divorce or marriage dissolution decree, it is incumbent upon the moving party to establish a change in financial circumstances occurring subsequent to the final judgment in the ability of either party to provide support, or in the children's needs. The rule obtains as to any divorce or marriage dissolution decree whether entered before or after the 1971 no-fault divorce act [Chapter 61, Florida Statutes (1975)]. Sections 61.13, 61.14, Florida Statutes (1975); Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973); Cheves v. Cheves, 269 So.2d 414 (Fla. 2d DCA 1972); Mazzula v. Mazzula, 256 So.2d 62 (Fla. 4th DCA 1971); Willis v. Willis, 254 So.2d 59 (Fla. 2d DCA 1971); Bullard v. Bullard, 195 So.2d 876 (Fla. 2d DCA 1967).
In the instant case, the trial court found no substantial change in circumstances and denied the petition for modification. We cannot say that the trial court abused its discretion in so ruling. The financial situation of the husband has considerably improved, not deteriorated since the date of the divorce decree. The needs of the children have not substantially increased; indeed, one of the parties' three minor children has reached majority and is no longer being supported by the husband. Finally, there has been no substantial change in the wife's financial circumstances although she has remarried and with her new husband is operating a very marginal business. In sum, we cannot say that the trial court abused its discretion in this matter as it is vested, and properly so, with a broad discretion to set child support payments and modify same in a divorce or marriage dissolution action.
Affirmed.