621 So.2d 758 (1993)
Larry Owen SPEIGNER, Appellant,
v.
Gwendolyn Charlotte SPEIGNER, Appellee.
No. 92-1750.
District Court of Appeal of Florida, First District.
July 2, 1993.
Rehearing Denied August 17, 1993.
*759 Paul G. Komarek of Daniel & Komarek, Panama City, for appellant.
Jeffrey P. Whitton, Panama City, for appellee.
PER CURIAM.
Appellant (the husband) seeks review of a final judgment of dissolution of marriage. He raises three issues: (1) whether the trial court had jurisdiction to enter the final judgment, notwithstanding the legal insufficiency of the evidence to establish compliance with the residence requirement of section 61.021, Florida Statutes (1991); (2) whether the trial court erred when distributing the property of the parties by disregarding the property settlement aspects of a final judgment dissolving a previous marriage between the parties; and (3) whether the distribution scheme chosen by the trial court, including the awards of alimony and attorney fees, constituted an abuse of discretion. Because we conclude that the evidence was legally insufficient to establish compliance with the residence requirement of section 61.021, we address only that issue; and reverse.
In her petition for dissolution of marriage, the wife alleged that she had "been a continuous resident of the State of Florida for more than six months next prior to the filing of" the petition. In his answer to the petition, the husband admitted that allegation. The husband also filed a counter-petition for dissolution of marriage, in which he alleged that he had "been a resident of Florida for more than six (6) months next prior to filing" the counter-petition. In her answer to the counter-petition, the wife admitted that allegation.
At the final hearing, neither the wife nor the husband testified that either had been a resident of Florida for the six months immediately before either the petition or the counter-petition had been filed. Moreover, neither party presented the testimony of a third person (either live or by affidavit) to corroborate that either party had been a resident of Florida for the six months immediately before either the petition or the counter-petition had been filed. The final judgment makes no finding regarding the residence of either party.
Section 61.021, Florida Statutes (1991), provides that, "[t]o obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition." Compliance with the statute has been construed to require that one of the parties have been a resident of Florida for the six months immediately preceding the filing of the petition. See Eckel v. Eckel, 522 So.2d 1018 (Fla. 1st DCA 1988); Gillman v. Gillman 413 So.2d 412 (Fla. 4th DCA 1982). Section 61.052(2) requires that proof of compliance with the section 61.021 residence requirement "be corroborated."
Compliance with the section 61.021 residence requirement has long been held to be jurisdictional. See Phillips v. Phillips, 146 Fla. 311, 1 So.2d 186 (1941); Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694 (1929); Gillman; Lemon v. Lemon, 314 So.2d 623 (Fla. 2d DCA 1975); Wise v. Wise, 310 So.2d 431 (Fla. 1st DCA 1975). Unless compliance with the residence requirement is both pleaded and proved, jurisdiction is lacking to enter a final judgment of dissolution of marriage. Wise. Compliance with the residence requirement may not be established by an admission by one party of the other party's allegation to that effect. See Fazio v. Fazio, 66 So.2d 297 (Fla. 1953); Chisholm; Wise. Likewise, compliance may not be established by uncorroborated testimony, whether it be of a party or another. See Phillips; Gillman; Lemon; Wise.
The evidence presented to the trial court was legally insufficient to establish compliance with the section 61.021 residence requirement. Therefore, the trial court lacked jurisdiction to enter the final judgment. Accordingly, the final judgment is void, and we have no alternative but to reverse and to remand for further proceedings *760 consistent with this opinion. Because the trial court lacked jurisdiction to enter the final judgment, we may not consider the other issues raised on this appeal. Wise.
REVERSED and REMANDED.
SMITH, KAHN and WEBSTER, JJ., concur.