SCHOONOVER, Judge.
The appellants, Susan E. Fernandez, George Murphy, Michael A. Murphy, David Murphy, Ann Nash, Laurie Someson, Jane Bourkard, Estate of Susan E. Fernandez, deceased, and E. Richard Bourkard, Jr., Personal Representative of the Estate of Susan E. Fernandez, have challenged an order granting a motion to set aside a final judgment of dissolution of marriage. We find that the trial court erred in setting aside the final judgment dissolving Susan E. Fernandez’s marriage to Lawrence Fernandez, Jr., the appellee, and, accordingly, reverse.
On November 20, 1991, Susan E. Fernandez, now deceased, filed a petition seeking a dissolution of marriage to the appellee, Lawrence Fernandez, Jr. The appellee filed an answer and a counter-petition also seeking a dissolution of the marriage. After the action was at issue, Mrs. Fernandez, on January 21, 1992, filed a motion to bifurcate the proceedings. She alleged that she was terminally ill and that her doctors advised her that her life expectancy was countable in weeks. The parties stipulated to the granting of this motion and it, as well as a final judgment of dissolution of marriage, was granted on January 23, 1992. The final judgment dissolved the marriage and reserved jurisdiction over all other issues contained in the parties’ pleadings. Susan E. Fernandez passed away on January 25, 1992.
After Mrs. Fernandez’s death, the pleadings were amended, parties were added, and a stipulated final judgment which dealt with the parties’ property was entered on December 17, 1992.
On December 28, 1992, the appellee filed a motion for relief from judgment pursuant to Florida Rules of Civil Procedure 1.540 and 1.530. In his verified motion, the appellee alleged that since the requirements of section 61.052, Florida Statutes (1991), were not met the court did not have jurisdiction to grant a final judgment on January 23, 1992, and therefore, the court was without jurisdiction to enter the stipulated final judgment dated December 17, 1992. The appel-lee did not allege or offer any evidence that Mrs. Fernandez was not a resident of Florida at the appropriate times and did not allege he was wrong when he in his sworn answer and counter-petition alleged that the court had jurisdiction.
Mrs. Fernandez’s first attorney testified that at the original hearing George Murphy, Mrs. Fernandez’s father, testified as a corroborating witness to residency. Although no record of the dissolution proceeding was introduced into evidence, it appears that no other witnesses were called to testify at that hearing. The court granted the husband’s motion, and the appellants filed - a timely notice of appeal from the trial court’s final order.
In order to obtain a dissolution of marriage in Florida, one of the parties to the marriage must reside in the state six months before the filing of a petition for dissolution. Section 61.021, Fla.Stat. (1991). Furthermore, evidence establishing a party’s residence *640 must be corroborated. Section 61.052(2), Fla.Stat. (1991).
Florida’s residency requirement is jurisdictional and must be alleged and proved. Jurisdiction cannot be acquired or exercised by, or pursuant to, the agreement of the parties. Phillips v. Phillips, 1 So.2d 186 (Fla.1941). The requirement that evidence of residence must be corroborated also cannot be waived by an admission that the residence requirement has been met. Wise v. Wise, 310 So.2d 431 (Fla. 1st DCA 1975). When Mrs. Fernandez filed her verified petition she alleged residency. The husband filed a sworn answer and counter-petition admitting his wife was a resident and alleging that he was also. If Mrs. Fernandez’s father had not testified concerning her residence, this case would be similar to the case of Speigner v. Speigner, 621 So.2d 758 (Fla. 1st DCA 1993), and we would hold, as our sister court did in Speigner, that the trial court did not have jurisdiction to dissolve the marriage.
In Speigner both parties alleged residence and admitted that the other was a resident, but at the final hearing neither of them testified that they were residents of Florida. Furthermore, neither party presented the testimony of a third person either live or by affidavit to corroborate that either party had been a resident of Florida for the six months immediately before either the petition or the counter-petition had been filed. The court held that the residence requirement may not be established by an admission by one party of the other’s allegation and may not be established by uncorroborated testimony, whether it be of a party or another. In this case, however, in addition to the sworn allegations and admission of both parties, Mrs. Fernandez’s father corroborated the residency requirement and that testimony together with the sworn pleadings established jurisdiction. See Speigner.
Generally, the one filing an action and seeking a dissolution of the marriage testifies and while doing so testifies as to residency. In such a case that testimony must be corroborated. Lemon v. Lemon, 314 So.2d 623 (Fla. 2d DCA 1975). No hardship can be worked on the parties by requiring corroboration of a plaintiffs testimony as to bona fide residence. If a plaintiff is a bona fide resident, some of his friends and acquaintances will know about it and be in a position to give corroborating testimony. Phillips. The fact that the parties generally testify, however, does not mean that a party must always testify. As long as there is evidence, e.g. sworn pleadings, that one of the parties is a bona fide resident and that evidence is corroborated, the jurisdictional requirement has been met. Sections 61.021, 61.052(2). See also Speigner; Phillips.
We recognize that by not requiring the party seeking to invoke the court’s jurisdiction to testify in all circumstances we are in conflict with Gillman v. Gillman, 413 So.2d 412 (Fla. 4th DCA 1982). We do not, however, believe that the law requires such testimony in every case.
Since the trial court had jurisdiction to enter the final judgment of dissolution and did so before Mrs. Fernandez died, by reserving jurisdiction to deal with the remaining issues, it had jurisdiction to enter the subsequent final judgment, and the court erred by holding otherwise. Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. denied, 317 So.2d 76 (Fla.1975).
We, accordingly, reverse and remand with instructions to reinstate the above-mentioned final judgments.
DANAHY, A.C.J., and PATTERSON, J., concur.