IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SHAWN GREGORY MCNEIL,

      Appellant,

 v.                                                              Case No.  5D17-3283

LISA LEANN JENKINS-MCNEIL,

      Appellee.

_____/

Opinion filed July 27, 2018

Appeal from the Circuit Court
for Lake County,
Mark J. Hill, Judge.

Dorothy J. McMichen, of McMichen, Cinami
& Demps, PLLC, Orlando, for Appellant.

Joanna M. Mitchell, of Mitchell &
Associates, PA, Clermont, for Appellee.

PER CURIAM.

Shawn Gregory McNeil ("Former Husband") appeals from the final judgment dissolving his marriage to Lisa Leann Jenkins-McNeil ("Former Wife").  He raises six arguments on appeal, one of which we find to be dispositive. We reverse the final judgment because the requisite evidence of residency in Florida was not established.

This case proceeded to trial upon Former Wife's counter-petition for dissolution of marriage.  To obtain a dissolution of marriage in Florida, one of the parties to the marriage

must reside six months in the state before the filing of the petition. § 61.021, Fla. Stat. (2015). Residency for this statutory period is jurisdictional and must be alleged and proved. *Wise v. Wise*, 310 So. 2d 431, 432 (Fla. 1st DCA 1975) (citing *Kutner v. Kutner*, 33 So. 2d 42, 44 (Fla. 1947); *Chisholm v. Chisholm*, 125 So. 694, 700 (Fla. 1929)). Here, Former Wife alleged in her counter-petition that Former Husband had been a Florida resident for at least six months prior to filing his petition for dissolution of marriage but did not separately allege that she was a resident of Florida. Thus, Former Wife had the burden at trial of proving Former Husband's residency in Florida.

Section 61.052(2), Florida Statutes (2015), requires that proof of residence under section 61.021 be corroborated by a "valid Florida driver license, a Florida voter's registration card, a valid Florida identification card issued under [section] 322.051, or the testimony or affidavit of a third party." The residency requirement may not be established by the uncorroborated testimony of one party, *Lemon v. Lemon*, 314 So. 2d 623, 623-24 (Fla. 2d DCA 1975), nor can the requirement of corroborating evidence be waived by admission by the parties in the pleadings that the residency requirement has been met. *Grey v. Grey*, 995 So. 2d 623, 623-24 (Fla. 2d DCA 2008) (citing *Fernandez v. Fernandez*, 648 So. 2d 712, 713 (Fla. 1995)). Residence can never be assumed, nor can it be established by agreement. *Fazio v. Fazio*, 66 So. 2d 297, 299 (Fla. 1953) (citing *Phillips v. Phillips*, 1 So. 2d 186, 188 (Fla. 1941)).

Former Husband did not attend the trial. Moreover, Former Wife failed to establish Former Husband's residency in Florida with any of the necessary corroborative evidence under section 61.052(2), resulting in the trial court lacking jurisdiction to enter the final judgment. *See Lemon*, 314 So. 2d at 624 ("Since petitioner failed to establish the

2

statutory prerequisite of residence, the lower court lacked jurisdiction to enter a final judgment.").  Accordingly, we reverse the final judgment as void and remand for further proceedings.

REVERSED  and REMANDED for further proceedings.


SAWAYA, LAMBERT and EISNAUGLE, JJ., concur.