# FLORA O. SCHWAB vs. LEON H. SCHWAB.

*Divorce—Supplemental Bill Charging Commission of Adultery After Institution of Suit.*

A plaintiff who has filed a bill for a divorce *a vinculo*, charging the defendant with having committed adultery with a named person is not entitled to file a supplemental bill in the same suit charging the defendant with the commission of adultery with other persons after the filing of the original bill.

Appeal from an order of the Circuit Court of Baltimore City (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Isidor Rayner* and *Lewis Putzel*, for the appellant.

*M. R. Walter* and *Lewis J. Cohen*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant on August 5th, 1901, filed a bill in the Circuit Court of Baltimore City against the appellee for a divorce *a vinculo* upon the ground of adultery. The bill as originally filed did not name the person or persons with whom the adultery was alleged to have been committed, but it was afterwards amended, by leave of the Court, so as to name the participant in the alleged offense as well as the times and places of its commission.

The appellee answered the bill categorically denying that he had committed the adultery with which he was charged in the bill or that he had ever committed that offense. Issue was joined and the appellant took some testimony, which does not appear in the record, in support of her case and then on October 3rd, 1902, filed a petition averring that she had just discovered that the appellee had committed repeated acts of

adultery since the filing of the bill and asking leave to file a supplemental bill in order to offer evidence of those recently discovered acts.

The Court granted the leave asked for and the appellant filed a supplemental bill charging the appellee with committing adultery at different dates since the filing of the bill, with two women other than the one named as the participant in the acts charged in the original bill. The appellant thereupon moved the Court to rescind the order granting leave to file the supplemental bill and to strike that bill from the files and to quash the writ of subpoena issued thereunder because the alleged acts of adultery set up in that bill were therein charged to have been committed after the institution of the suit and that they therefore constituted in themselves new and distinct causes of action having no relation to or connection with those set up in the original bill. The Court passed an order sustaining this motion and rescinding the leave theretofore granted to file the supplemental bill and striking that bill from the files and quashing the subpoena issued under it. From that order the present appeal was taken.

It is apparent from what we have said that the question raised by this appeal is whether a plaintiff, who has filed a bill in equity for a divore *a vinculo* charging the defendant with the commission of adultery with one person, should be permitted to file a supplemental bill in the same suit charging him with the commission of the same offense with other persons, after the filing of the original bill.

The nature and function of a supplemental bill in equity were recently stated by us in our opinion in the case of *Schwab* v. *Schwab*, 93 Md. 382, when the parties to the present record were before us in a suit for a divorce *a mensa et thoro* upon the ground of cruelty and abandonment. It is not necessary to repeat in full what we there said upon that subject. It is sufficient to say that a supplemental bill being an addition to the original bill, its allegations must have relation to the original cause of action and must be supplemental in their nature and not independent and subsequent and must not be such as

SCHWAB *vs.* SCHWAB.

would, when considered separately, be sufficient in themselves to constitute an independent cause of action. It may set up transactions which happened before the filing of the original bill but were not discovered by the plaintiff until afterwards or those which have occurred *pendente lite* if their nature be such as to affect the form of relief to which the plaintiff is entitled under his original cause of action or to render it necessary to bring new parties into the suit.

We do not understand the appellant to question the conclusions reached by us in her former case or to ask us to reverse or modify them. She admits the general rule regulating the use of supplemental bills to be as stated by us but she contends that suits for divorce upon the ground of adultery constitute an exception to the general rule in so far that in such cases the plaintiff is not confined to the allegations of the original bill may set up by supplemental bill further acts of adultery committed after the bringing of the suit and may obtain a decree for divorce upon such subsequent acts. She relies in support of her contention upon the practice formerly prevailing in the English Ecclesiaslical Courts in divorce suits and also upon a few cases in which American Courts have followed the English precedents.

The practice in the Ecclesiastical Courts in such cases was very flexible. Either party could obtain relief against the other and either could set up by supplemental proceedings acts of adultery committed by the other pending the litigation and a decree might be obtained thereon. *Middleton* v. *Middleton*, 2 Hag. Sup. 134; *Webb* v. *Webb*, 3 Eng. Ecc. R. 152; *Barrett* v. *Barrett*, 3 Eng. Ecc. R. 16. But later English divorce cases seem to observe a much less liberal rule. *Ashley* v. *Ashley*, 2 Swab. & T. 388; *Lappington* v. *Lappington*, L. R. 14, P. D. 21; *Borham* v. *Borham*, L. R. 2 P. & D. 193.

None of the American Courts have, as far as we are aware, followed the precedents of the Ecclesiastical Courts to the extent of allowing the defendant in divorce suits to obtain a decree against the plaintiff for a divorce although a few of our Courts have permitted the plaintiff to introduce proof of sub-

sequent acts of adultery under a supplemental bill or an amendment of the original one and obtain relief thereon. *Mc-Crocklin* v. *McCrocklin*, 2 B. Mon. 370; *Irwin* v. *Irwin*, 49 S. W. R. (Ky.) 432; *Adams* v. *Adams*, 20 N. H. 301–2; *Scoland* v. *Scoland*, 4 Wash. 118; *Davis* v. *Davis*, 19 Ill. 334; but see *Embre* v. *Embre*, 53 Ill. 394.

The majority however of the American Courts which have had occasion to pass upon the question apply the principles of equity practice to divorce cases and refuse to permit subsequent acts of adultery by the defendant to be set up by the plaintiff, except as hereinafter stated, and never allow such subsequent acts to form the ground of relief. *Thayer* v. *Thayer*, 101 Mass. 111; *Milner* v. *Milner* 2 Edw. Chy. 114; *Foss* v. *Foss*, 57 App. Div. N. Y. 611; *Steele* v. *Steele*, 35 Conn. 48; *Lutz* v. *Lutz*, 52 N. J. Eq. 241; *Hill* v. *Hill*, 10 Ala. 527.

The exception to which we have referred is this. When the defendant has been guilty of subsequent acts of adultery with the same person who is named as *particeps criminis* in the bill, the subsequent acts may be shown as tending to explain or corroborate evidence already taken in reference to the acts originally charged as was the case in *Thayer* v. *Thayer*, *supra.* Or where a condonation of the adultery alleged in the bill had been set up in defense of the action, when acts of adultery committed by the defendant *pendente lite* were permitted to be set up by supplemental bill because they operated to revive the original cause of action, as was the case in *Lutz* v. *Lutz*, *supra.* But this exception does not go to the extent of permitting a decree for divorce to be founded upon the subsequent acts set up by the supplemental bill.

The prevailing doctrine and practice of the American Courts on this subject is well stated in *Browne on Divorce and Alimony*, p. 57–8, where after stating that testimony, as to acts of adultery by the defendant after suit brought, is inadmissible the author says : "This rule cannot in most States be evaded by amendment or supplemental bill. No engrafting of this new cause can be made upon the original action. To

make it evidence the exisiting suit for divorce must usually be discontinued by the consent of the Court and an entirely new action instituted." He recognizes the fact that an exception exists where the later acts are alleged to have been committed with the paramour named in the original bill and says in that connection: "In such cases the evidence is competent simply and solely to show the nature of the intercourse between the parties at the time when the adultery is alleged in the libel to have been committed. It is in the nature of cumulative evidence to strengthen the circumstantial evidence of the alleged previous acts. The rule is inflexible which bars a decree of divorce founded upon acts of adultery committed subsequent to the filing of the bill."

We think the law as thus stated by Browne is supported by the weight of authority and that it should control the disposition of the present case. In *J. G.* v. *H. G.*, 33 Md. 407, our predecessors said that the decisions of the English Ecclesiastical Courts have been uniformly cited and relied on as safe and authoritative guides for the Courts of this State in disposing of divorce cases. And in *Childs* v. *Childs*, 49 Md. 514, it was held that the *principles* of the canon and civil law to the extent that they controlled the jurisdiction of the Ecclesiastical Courts over matrimonial cases had been adopted by the Declaration of Rights and Constitution as part of the law of this State. But we do not understand from these decisions that in matters of procedure in such cases we are not at liberty to depart in so far from the methods formerly prevailing in those Courts which have now passed out of existence, as to make our practice conform to the weight of modern authority.

The supplemental bill in the present case avers that about a year after the institution of the suit the appellant committed adultery with persons and at places other than the persons and places mentioned in the original bill in connection with the adultery therein charged. It is not alleged that these recent acts of adultery had any connection with or relation to or dependence upon those set up in the original bill.

Under these circumstances the proof of the recent acts could not corroborate or explain the testimony as to the commission of the earlier ones. We therefore think upon the face of the record that the learned Judge below should have refused the appellant leave to file the supplemental bill and that he committed no error in passing the order appealed from striking it from the files.

There is a general allegation, in the original bill in this case, that the appellee had committed adultery with other persons and at other times and places which were unknown to the appellant and she had taken some testimony in support of the allegations of her original bill when she asked leave to file the supplemental one. This testimony does not appear in the record and we do not know its purport. If it tended to prove that the appellee had committed adultery prior to the institution of the suit with any of the persons named as *particeps criminis* in the supplemental bill and such fact had been averred in the petition for leave to file that bill the Court below would have been justified in permitting it to be filed although the subsequent acts charged in it would not have afforded the appellant ground for relief.

As it does not appear from the record that the evidence already taken by the appellant justified the granting of leave to file the supplemental bill the order appealed from must be affirmed.

*Order affirmed with costs and cause remanded for further proceedings.*

(Decided March 31st, 1903.)