## RAYMOND ETHERIDGE *vs.* META E. ETHERIDGE.

*Divorce: statutory jurisdiction; allegations in bill; evidence
need not be set forth. Abandonment and desertion.*

A divorce *a mensa et thoro* may be granted for abandonment
and desertion without regard to its duration.          p. 12

The jurisdiction to grant a decree of divorce *a mensa et thoro*
is *purely statutory* (Code, 1912, Article 16, section 38), and
in its exercise courts are confined to the causes specified in the
statute.                                               p. 12

Where a bill for divorce contains the allegation, that the par-
ties were married, it will be assumed that the marriage was a
lawful one, until proof to the contrary appears.          p. 14

Abandonment and desertion, to constitute a ground for divorce
*a mensa* under the statute, must be the deliberate act of the
party complained of, done with the intent that the marriage
relation shall no longer exist.                        p. 13

Abandonment and desertion and cruelty are not purely and
exclusively questions of law; they are mixed questions of law
and fact, to be decided at the final hearing.          p. 14

The bill need not set out all the facts and circumstances which
constitute the evidence of the causes of the divorce alleged;
if the bill charges the enumerated grounds of divorce in the
language of the statute, it is sufficient.             p. 14

The complainant is not required to disclose the evidence upon
which he relies to support his case.                   p. 14

*Decided February 13th, 1913.*

Appeal from the Circuit Court for Baltimore City
(HARLAN, C. J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS,
PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John L. Sanford,* for the appellant.

*Thomas J. Mason,* for the appellee.

BURKE, J., delivered the opinion of the Court.

The bill in this case was filed by the wife against her husband, and prayed for a divorce *a mensa et thoro,* and for alimony, temporary and permanent, and for counsel fees, etc. The grounds upon which the relief is prayed are abandonment and desertion, and cruelty. The defendant demurred to the entire bill, and from the order of the lower Court overruling the demurrer, he has brought this appeal.

Section 38, Article 16, Code 1912, relates exclusively to divorces *a mensa et thoro,* and enumerates the grounds upon which they may be granted. The jurisdiction to grant such a divorce is purely statutory, and the Court is confined in the exercise of its jurisdiction to the causes specified in the statute.

The grounds enumerated in the Act are: first, cruelty of treatment; secondly, excessively vicious conduct; thirdly, abandonment and desertion. A divorce *a mensa* may be granted for abandonment and desertion without regard to its duration.

The bill in this case alleged that the plaintiff and defendant were married on the 27th of March, 1911. The bill was filed on the 3rd of September, 1912, and alleged that the plaintiff had resided in the State of Maryland for more than two years prior to that date. It thus appears by necessary implication from the allegations of the bill that the plaintiff was a resident of the State prior to her marriage, and from the express averments thereof that she had continuously resided therein down to the date of the institution of the suit. The bill further alleged that as the result of the said marriage one child had been born,—an infant, Irene Gibson Etheridge, who is in the custody of the plaintiff.

The third and fourth paragraphs of the bill are as follows:

Third. That the defendant, without cause of reason, has abandoned and deserted your oratrix.

Fourth. That from the time of said marriage the defendant has treated your oratrix with great cruelty, and his conduct towards her has been excessively vicious.

In the prayer for process it is stated that the defendant resides in Baltimore City.

Under section 36, Article 16 of Code of 1912, a bill for divorce may be filed in the Court, either where the party plaintiff or defendant resides, and the 16th Equity Rule, codified as section 156 of the Code, requires that the place of residence of the defendant, if known, shall be stated in the prayer for process.

Abandonment and desertion to constitute a ground for divorce *a mensa* under the statute must be the deliberate act of the party complained of, done with the intent that the marriage relation should no longer exist. *Lynch* v. *Lynch,* 33 Md. 328; *Gill* v. *Gill,* 93 Md. 652.

This abandonment, said CHIEF JUSTICE SHAW in *Gregory* v. *Pierce,* 4 Metcalf, 479, "may be proved by a great variety of circumstances leading with more or less probability to that conclusion, as, for instance, leaving his wife with the declared intention never to return; marrying another woman, or living in adultery abroad; absence for a long time, not being necessarily delayed by his occupation or business or otherwise; making no provision for his wife, or his wife and family, being of ability to do so; providing no dwelling or home for her; or prohibiting her from following him, and many other circumstances tending to prove the absolute desertion above described."

The objections urged by the defendant to the sufficiency of the bill in this case are: first, that it does not allege a lawful marriage between the parties; secondly, that it does not show that the defendant is a resident of Baltimore City where the suit was instituted; and thirdly, that the allegations as to abandonment and desertion, cruelty and vicious conduct are not sufficiently definite and specific, in that they fail to set out the facts and circumstances which would authorize a decree upon those grounds.

We find nothing to support the first and second objections to the bill. It alleged that the parties were married, and

until proof to the contrary appears, the Court must assume that the marrige was a lawful one. It also appears from the averments of the bill, above referred to, that the defendant is a resident of Baltimore City, and the allegations contained in the bill as to his residence are sufficient to give the Circuit Court No. 2 of Baltimore City in which the suit was brought jurisdiction over the appellant.

In support of his third ground of objection to the bill the counsel for the appellant has displayed much industry and research in the collection and citation of adjudged cases in other jurisdictions. Many of these cases fully support his contention; but they are not in harmony with the long settled practice in this State.

Abandonment and desertion, and cruelty have not been regarded by this Court or by the Courts of this State as purely and exclusively questions of law; but rather as mixed questions of law and fact to be decided at the final hearing. The pleader has never been required to set out the facts and circumstances which constitute the evidence of the causes of the divorce alleged; but the bill which charged the enumerated grounds of divorce in the language of the statute, has been uniformly regarded to be sufficient. This the bill before us does, and, unless we are to wholly depart from the established practice as to the forms of bills for divorce, the order of the lower Court must be affirmed. There is great force in the reasoning of many of the cases which hold that the facts and circumstances evidencing the abandonment, cruelty and vicious conduct must be set forth in the bill, but this practice has not prevailed in this State. The plaintiff is not required under our law to disclose the evidence upon which he relies to support his case. The bill is sufficient if it charges the statutory grounds in the language of the Act. The order appealed from will be affirmed.

*Order affirmed, with costs to the appellee.*