JOHN A. WAGNER

VS.

SARAH R. WAGNER.

*Louis J. Burger* and *George Whitelock* for plaintiff.

*W. Herdman Schwatka* for defendant.

DAWKINS, J.—

The bill in this case for divorce a vinculo matrimonii was filed October 9, 1915, by the husband, alleging the adultery of the wife. The wife was duly summoned, but did not answer the bill. A decree *pro confesso* was taken against her November 24, 1915. She appeared by counsel in the case on May 18, 1916, but this appearance seems to have been only for the purpose of arranging an agreement for the custody and support of the child of the parties, which agreement was signed and filed in the case on the said May 18, 1916. Prior to this last date the case had been referred to the auditor and master, who on May 20, 1916, filed his report advising that a decree be granted divorcing the plaintiff from the defendant. At this time the court received information that the parties, notwithstanding the proceedings mentioned, were continuously living together as man and wife. Whereupon counsel for the respective parties were notified to investigate the information received. Counsel for the plaintiff promptly filed with the court an unqualified denial by the plaintiff of the report that had been received by the court. The defendant, on the other hand, refused to deny the report, but, on the contrary, reasserted that the statement was true. Her then counsel, about June 17, 1916, struck out his appearance for the defendant, at the same time filing a paper stating that the wife had said that when the summons in the case was first served on her that she kept the same and showed it to her husband, who told her it was only a matter of form and not to bother with it. On account of which statement by her husband she tore up the summons and did not answer the bill upon the advice of the husband. Her then counsel further said that after receiving the summons she asserted that she and her husband frequently had marital relations. In view of these facts, the court declined to sign the decree and requested the auditor and master to investigate the matter, and take testimony, if need be, to establish the truth or falsity of the allegations made. About July 13, 1916, the plaintiff petitioned the court, reiterating his denial of condonation of the breaches of marital duty and alleging that the defendant had continued her course of flagrant violation of her marital vows and at the same time repudiating his agreement as to the custody of the child, and alleging that the wife had been convicted on July 12, 1916, of the crime of adultery. Whereupon the auditor and master proceeded to take, at

the request of the parties, quite a mass of testimony. The defendant appeared at such taking of testimony by new counsel. The auditor and master has submitted another report, in which he again advises that the relief sought by the plaintiff be granted. The former recommendation was that the custody of the child be placed with the mother in pursuance of an agreement between the parties. The last recommendation is that this custody be changed to that of the father. The defendant has filed exceptions to the findings and reports of the auditor and master as made in both reports, so that the whole case is open for review. There is no doubt but that the case entitling the plaintiff to a divorce was made out, save for the fact of condonation brought about by the continuation of marital relations between the parties.

There can be little doubt as to the wrong conduct of the wife. Nor is there any doubt but that the husband continually went to the wife's living place—went to her private room and remained some time with her. He says he went to see his child. Such opportunities between others would certainly tend to establish improper relations. The visits, which theretofore had been very frequent, seems to have ceased when the husband took the child with him about April, 1916.

As counsel appeared in the case in time to arrange the agreement about the child and its custody and support, I am persuaded that the wife knew that the proceedings were in progress even though her statement that her husband advised her to do nothing when she was summoned may be true. If she understood, it was evidently arranged between them for her not to contest the suit. An error in the decree or proceedings will not be corrected unless fraud, deceit, surprise or irregularity in obtaining or conducting the same be shown. It is more important in divorce cases than in any other class of cases that everything connected with the proceedings should be open to the fullest light. In divorce proceedings the public has a peculiar interest in knowing that important facts are neither suppressed nor perverted, so that a decree may not be obtained to which neither of the parties is justly or legally entitled.

122 Md. 263, Foxwell vs. Foxwell.

There should be no doubt as to the propriety of accepting the proof of the subsequent acts of adultery with the same person who is named in the former testimony as tending to corroborate evidence already taken in reference to acts already charged, but a decree can not be based upon the subsequent acts. The new cause can not be engrafted on the original bill.

96 Md. 595, Schwab vs. Schwab.

The husband denies cohabitation with the wife. She positively alleges that it took place continuously up to April, 1916. There is no doubt but that the wife has been shown to be guilty of misconduct at various times in 1915, all of which the husband knew at the time and subsequent thereto of the filing of the bill; in fact, to April, 1916. The plaintiff says the wife confessed her wrong to him about August, 1915. There is no denial of this. There is no denial of the statement of a Mrs. Hill that the plaintiff said that "no matter what the wife had done and no matter what position he would find her in with men, he would love her just the same and take her with him and be the same as ever." There is no denial of the statement that the child was frequently sent out of the bedroom when the plaintiff and defendant were together in the room.

This case does not fall in line with that class of cases in which past sins are forgiven upon promise of good behavior in the future, and the subsequent misconduct revives the old wrongdoing, because in this case no such condition exists. The testimony would indicate that the wife had been guilty of gross misconduct, but it would indicate that the husband knew of it and continued his relations with her. The testimony indicates that the wife did not know her rights during the progress of the earlier proceedings. Whether this latter be true or not she has now had the fullest opportunity to present her side of the case. In view of my conclusions it might not seem proper to pass upon the custody of the child at this time, further than to say that there seems to be no reason why it should not remain with the father. The defendant is entitled to an allowance of fee for her counsel. For the reasons stated, the exceptions to the report of the auditor and master will be sustained.