CALVIN E. DARNER *v.* KATIE G. DARNER.

[No. 23, January Term, 1929.]

*Decided March 21st, 1929.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Scott M. Wolfinger,* for the appellant.

*Joseph W. Wolfinger* and *Omer T. Kaylor,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

The single question in this case is the sufficiency of the allegation of the bill. This question is presented by the action of the lower court in overruling the defendant's demurrer to the bill. The bill was filed by the appellee against her husband, the appellant, praying for a divorce *a vinculo*

98

*matrimonii* and alimony. The first paragraph of the bill alleges that the parties were married on the 2nd day of October, 1892. The third paragraph is as follows: "That the said Calvin E. Darner (the appellant) on divers days and times since the said marriage, to wit: between the 1st day of January, A. D. 1922, and the filing of this bill of complaint has committed the crime of adultery with one Mabel J. Meadows in Washington County, Maryland, and with divers other lewd and abandoned women in said county, whose names are to your oratrix unknown." The position taken by the appellant is that this allegation is not so specific and definite as would require him to answer, his contention being that the bill should set forth the place where and the approximate date upon which the alleged adultery occurred.

There is no statutory form of pleading in such a case. Section 37 of article 16 of the Code simply provides that upon a hearing of any bill for divorce, the court may decree a divorce *a vinculo matrimonii* for certain causes, among which is adultery. In *Etheridge v. Etheridge,* 120 Md. 11, this court said, in reference to bills for divorce: "The pleader has never been required to set out the facts and circumstances which constitute the evidence of the causes of the divorce alleged; but the bill which charged the enumerated grounds of divorce in the language of the statute, has been uniformly regarded to be sufficient. This the bill before us does, and, unless we are to wholly depart from the established practice as to the forms of bills for divorce, the order of the lower court must be affirmed. There is great force in the reasoning of many of the cases which hold that the facts and circumstances evidencing the abandonment, cruelty and vicious conduct must be set forth in the bill, but this practice has not prevailed in this state. The plaintiff is not required under our law to disclose the evidence upon which he relies to support his case. The bill is sufficient if it charges the statutory grounds in the language of the act."

The bill in this case is in exact accord with the form laid down in "Carey's Forms," and it has been uniformly followed by the members of the bar of this State at least since

the publication of that work in 1885, and therefore must be said to be the settled practice in this State. In *Davis v. Reed*, 14 Md. 152, it was said: "When a practice has become inveterate, it is better to adhere to it, until changed by a prospective rule, than to incur the risk of doing injustice to a party who may have followed it, and especially where the opposite side has not been injured by the alleged irregularity." Again, in the case of *Gregg v. Baltimore*, 14 Md. 504, it was said: "Rules of practice are a part of the law governing all judicial tribunals. When parties sue, they form their pleadings and conduct their causes with reference to such principles, and have a right to require that they shall be observed on the opposite side." The necessity for having the bill disclose with exactness the time and place of the alleged adultery is not such as exists in pleadings at law or where the trial is conducted with a jury. Under our practice, evidence in equity cases is taken either before an examiner or in open court before a chancellor, and there is ample opportunity afforded the defendant to rebut any testimony offered by the plaintiff in support of the allegation of his bill, and the chancellors should, and in practice always do, permit the defendant sufficient time for this purpose. For the reasons stated, the action of the chancellor in overruling the demurrer, with leave to the defendant to answer, should be affirmed.

> *Order affirmed, and case remanded, with leave to the defendant to answer within such time as may be prescribed by the chancellor, with costs to the appellee.*