STANDARD FOUNDERS, INC., *v.* JAMES W. WILEY.
[No. 49, October Term, 1931.]

*Decided January 27th, 1932*

82

[REDACTED]

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Eldridge Hood Young,* with whom were *Howard C. Bregel* and *Young, Crothers & Settle* on the brief, for the appellant.

*U. Grant Tyler,* with whom was *Josiah F. Henry, Jr.,* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

James W. Wiley, the appellee, brought this proceeding in the Circuit Court No. 2 of Baltimore City against the Standard Founders, Incorporated, to secure an injunction restraining the defendant from enforcing payment of a loan of three hundred dollars due by the appellee to the appellant, secured by a mortgage from Wiley to the Commonwealth Mortgage Company, title to which by mesne assignments is now vested in the appellant, on certain leasehold property in the City of Baltimore. The mortgage, and a note for three hundred dollars, which it was given to secure, required the mortgagor to pay interest on the loan at the rate of three and a half per cent. per month. The ground for the relief prayed is that that rate of interest is usurious, that the appellee has paid to the appellant a sum sufficient to satisfy the mortgage, together with interest thereon at six per cent. per annum, and that therefore he is entitled to have the debt and the mortgage released.

After stating the mortgage, the assignments, and a threat by the assignee to foreclose, the appellee in his bill of complaint alleged "that since the execution by him, of said mortgage on the 13th of May, 1926, he has made payments amounting in all to five hundred ninety-five dollars and

($595.22) twenty-two cents on account of principal and interest and after the receipt of said letter from Attorney Bregel, demanded a release of said mortgage, which demand has been refused and the defendant herein has threatened to institute foreclosure proceedings under said mortgage and to offer for sale at public auction the property of your orator, namely, No. 511 Claggett Street; * * * that the payments already made have paid the mortgage debt and interest in full, if legally applied, and that the loan in this case was secured by real estate and therefore said loan is not within the purview of the Petty Loan Act permitting a charge of three and a half per cent. per month and that a charge for interest over and above the rate of six per cent. per annum is illegal, usurious and excessive and that all interest in excess of six per cent. per annum paid and collected is usurious and should be treated accordingly." Upon those allegations the appellee prayed that the loan be "declared paid and satisfied in full," that the appellant be ordered to release it, and that it be enjoined from enforcing it.

The defendant demurred to the bill, first, for a want of equity; second, because necessary exhibits were not filed with it; and, third, because the allegations of the fifth, sixth, and seventh paragraphs were mere conclusions of law. This appeal is from an order overruling that demurrer.

In support of the demurrer, it was objected that the Small Loan Act, Code, art. 58A, does not permit a lender under its provisions to exact a higher rate of interest than six per cent. per annum on a loan of three hundred dollars or less, secured by a mortgage on real estate. But for reasons set out at length in the opinion filed in the case of *Liberty Finance Co., Inc., v. Catterton,* 161 Md. 650, 158 A. 16, we think that this objection is not well taken, and that therefore the demurrer should have been sustained.

The order overruling the demurrer must consequently be reversed.

*Order reversed, with costs to the appellant.*