BESCHE *v.* BESCHE

[No. 109, October Term, 1955.]

*Decided April 4, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*J. Calvin Carney*, with whom was *Howard Calvert Bregel* on the brief, for the appellant.

*Samuel L. Silverman* and *Eldridge Hood Young* for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

Mary M. Besche, the defendant below, appeals from a decree of the Circuit Court of Baltimore City awarding the appellee, Charles Besche, an absolute divorce. This case is the third involving the marital difficulties of the parties.

The first of the three was a suit brought in 1946 for a divorce *a mensa* and for alimony, in which the wife charged the husband with cruelty, brutality and threatening her life. The husband denied the charges. That case was terminated by a reconciliation and the suit was dismissed on November 13, 1947, by leave of court.

The second suit was instituted by the wife on July 3, 1951. In it she charged her husband with desertion and with cruelty. She sought temporary and permanent alimony and the custody of the minor son of the parties and funds for his support and education, but did not seek a divorce. The husband filed an answer and a cross-bill. By the latter he sought a divorce on the ground of desertion, the alleged date of which was in September, 1949. This second case was heard by Judge Byrnes in October, 1953. At its conclusion, Judge Byrnes delivered an oral opinion in which he stated that he did not find sufficient corroboration of the charge of desertion made by either party, and he expressed doubt with regard to the reliability of the wife's testimony. He also referred to an occurrence which took place in August, 1952, which was about a year after the filing of the bill and of the cross-bill. This occurrence is the event upon which the present (third) suit is based. As to it, Judge Byrnes said:

"As to Mr. Besche's cross bill, I believe Mrs. Besche left the home without sufficient cause in August, 1952. On this there is uncontradicted testimony that Mr. Besche returned to find Mrs. Besche with a moving van calmly removing the furniture from the house with no indication to Mr. Besche that she was leaving. But the serious question in the Court's mind is that even though her leaving the house was without cause and would constitute desertion on her part, whether the charge of desertion would be substantiated, because the bill refers to the September, 1949 desertion, and I find no legal corroboration of that desertion. I cannot

consider in this bill the actual physical desertion in August, 1952."

On November 17, 1953, Judge Byrnes entered a decree, which "for the reasons and pursuant to the oral opinion of the Court filed herein," dismissed the wife's bill, dismissed the husband's cross-bill, awarded custody of the child to the wife (subject to the further order of the court) and directed the husband to make payments (also subject to further order of the court) for the support and education of the child and to pay the costs of the proceedings and a counsel fee for the wife's solicitors.

The present suit was instituted in the same court as the other two on February 16, 1954. This suit was brought by the husband for a divorce *a vinculo* on the ground of desertion. The bill stated that the desertion was the final and deliberate act of the wife, that it had "continued uninterruptedly for more than eighteen months immediately prior hereto" and that it was beyond any reasonable hope or expectation of reconciliation. The wife filed an answer in which she claimed that she was forced to move by the actions and conduct of the husband, so that the desertion was the result of his own act. She denied that the separation was beyond hope or expectation of reconciliation. She did not file a cross-bill. The case was tried before Judge Nice and resulted in a decree which granted the husband a divorce *a vinculo matrimonii* and contained other provisions as to the custody and support of the child and costs and counsel fee. The provision as to support of the child was subsequently modified. Only that portion of the decree awarding the divorce is attacked on this appeal.

The appellant makes these contentions: (1) that the bill was defective because it did not allege the date of the desertion charged; (2) that the trial court improperly admitted evidence tending to prove desertion by the wife prior to September 1, 1949, because non-desertion by her as of that date was *res judicata;* and (3) that

there was no sufficient evidence to prove desertion beginning after September, 1949.

1. *Sufficiency of Bill as to Time of Desertion.* The bill alleged the desertion substantially in the terms of the statute, but did not specify the date otherwise than as more than eighteen months prior to the suit. This allegation was sufficient. *Etheridge v. Etheridge,* 120 Md. 11, 87 A. 497; *Darner v. Darner,* 157 Md. 97, 145 A. 179.

2 and 3. *Admissibility and Sufficiency of Evidence.* In the interest of brevity these two subjects will be treated together.

We have already stated the questions which were decided in the second suit between the appellant and the appellee. These, of course, have an important bearing upon the questions open for decision in this case and the evidence which may properly be considered in determining them. As their intermittent but repeated litigation suggests, the marital life of the parties was far from smooth. It was the second venture for each of them. They were married in 1936. At that time the appellee was a widower with three children, the appellant a widow with one child. The appellant is a sister of the appellee's deceased first wife.

Testimony offered in this case covered various events which occurred prior to the filing of the appellant's 1951 suit which charged desertion and cruelty on the part of the appellee in April, 1948, and events prior to September, 1949, the date as of which the appellee charged the appellant with desertion in his cross-bill in the 1951 suit. It seems unnecessary to review that testimony in detail. The testimony in the present case also covered fully the wife's actual moving out of the home on August 6, 1952, which had been commented upon by Judge Byrnes. It showed that the move was carefully planned by the wife well in advance of the actual date of moving and there is no evidence of any attempt at reconciliation since that time.

At the trial the appellee offered in evidence the record in the second case. The court sustained an objection

to it, but permitted the husband to testify with regard to that case (and the earlier one also) and eventually admitted into evidence the pleadings, the decree and the opinion of Judge Byrnes in the second case. These are clearly material in determining both what was and what was not decided in the earlier case. We need not pass upon the first ruling of exclusion. Certainly, as the case developed, the pleadings, opinion and decree in the second suit were properly admitted. Cf. *Bailey v. Bailey,* 181 Md. 385, 30 A. 2d 249; *Fletcher v. Flournoy,* 198 Md. 53, 81 A. 2d 232.

Judge Byrnes' decree in the second suit, read in conjunction with his opinion therein referred to, is conclusive that, at least, as of the times of filing the original bill and the cross-bill in that case, neither party had deserted the other and those questions cannot be relitigated. See *Ashman v. Ashman,* 201 Md. 445, 94 A. 2d 257; *Zukerberg v. Zukerberg,* 188 Md. 428, 53 A. 2d 20; *Kruse v. Kruse,* 183 Md. 369, 37 A. 2d 898; and *Dearholt v. Dearholt,* 178 Md. 405, 13 A. 2d 538, to cite only a few comparatively recent cases. The fact that the wife sought only alimony, and not a divorce, in the second suit is of no importance in this connection, since she would have been entitled to alimony only if she had established a ground for divorce. *Simmont v. Simmont,* 160 Md. 422, 153 A. 665; *Davey v. Davey,* 202 Md. 428, 96 A. 2d 606. She did assert desertion by the husband and the Court found that she had not proved it.

The appellant seeks to take the benefit but avoid the burden of the second suit being *res judicata* as to events which were in issue in that case. It determined not only that the wife had not deserted the husband, but also that he had not deserted her. Up to August 6, 1952, the situation would seem to have been much as it was in *Davey v. Davey, supra,* in which the parties lived under the same roof in "sullen hostility," and neither sought to effect a reconciliation and it was held that neither was entitled to a divorce. See also *Mower v. Mower,*

209 Md. 413, 121 A. 2d 185; and *Walker v. Walker,* 209 Md. 428, 121 A. 2d 195, both recently decided.

On August 6, 1952, far from seeking a reconciliation, the wife took the decisive step of leaving the home. Because of the binding effect of the decision in the earlier case she could not charge this action on her part as the consequence of any action on the husband's part prior to the time when she instituted the second suit, and we find nothing in the testimony which is shown to have occurred after the institution of that suit and prior to August 6, 1952, which would have justified her desertion. This Court has repeatedly held that separation, to be justified, must be for grave and weighty causes, *Mower v. Mower, supra; McClees v. McClees,* 162 Md. 70, 158 A. 349; *Schwartz v. Schwartz,* 158 Md. 80, 140 A. 259.

Even if all testimony relating to events upon which the adjudication in the second suit was based is eliminated from consideration, we think that the evidence was sufficient to support the decree on the basis of the appellant's abandonment of the appellee on August 6, 1952, and we see no basis upon which to hold that the Chancellor was not warranted in finding it to be the final and deliberate act of the appellant and to be beyond reasonable hope of reconciliation.

One other point is raised but not fully argued on the subject of *res judicata.* It is based upon the fact that the desertion of August, 1952, occurred before the final decree in the second suit. Judge Byrnes' opinion makes it plain that he did not take that event into consideration in dismissing the husband's cross-bill. Quite on the contrary, he expressed the belief that this event would entitle the husband to a divorce, but that it could not serve as the basis for a decree in that case, since it had occurred long after the institution of the suit and the filing of the cross-bill. In this holding we think that he was correct, and also that this cause for divorce was properly before Judge Nice in the instant case. In *Dearholt v. Dearholt, supra,* this Court said: "Much of the evidence relates to occurrences prior to and pending

the former suit. Since any decree in that case must have been based upon acts, conduct and transactions occurring before the institution of the suit, such matters are not relevant to the present inquiry. On the other hand events occurring during the pendency of that suit and subsequent to its final determination are relevant and material. *Carter v. Carter,* 139 Md. 265, 271, 114 A. 902; *Schwab v. Schwab,* 96 Md. 592, 595, 54 A. 653; *Wagner v. Wagner,* 130 Md. 346, 348, 100 A. 364; *Nelson on Marriage, Divorce and Separation,* sec. 740; *Bishop on Marriage, Divorce and Separation,* sec. 567."

Likewise, in *Kirkwood v. Kirkwood,* 165 Md. 547, 554, 170 A. 180, Judge Parke, speaking for the Court, said: "The allegations of the bill of complaint are in the most general terms, but the plaintiff has failed to substantiate any cause, which would entitle her to a divorce from the husband, that existed at the time of the filing of her bill of complaint, and, therefore, the bill for permanent alimony must be dismissed." See also *McClees v. McClees, supra,* which was cited in the *Kirkwood Case.* In the *McClees Case,* the wife had brought suit for a divorce *a mensa* and for alimony, charging constructive desertion by the husband. The case was decided adversely to the wife on the merits and was affirmed on appeal (160 Md. 115, 152 A. 901). Shortly thereafter the wife filed a second suit for alimony, which was denied. In affirming the decree this Court said (at 162 Md. 79, 158 A. 353): "* * * the burden of proof was upon the wife to establish that she was entitled to a divorce on the ground of a desertion by her husband subsequent to the dismissal of her first bill of complaint, but prior to the filing of her pending bill * * *." See also *Coleman v. Coleman,* 188 Md. 203, 51 A. 2d 673.

There is, however, some language in *Ashman v. Ashman* and in *Zukerberg v. Zukerberg,* both cited above, which would support the conclusion that no events which occurred before the final decree in the previous litigation between the parties could serve as a basis for relief in a subsequent proceeding.

In the *Zukerberg Case* no such holding was necessary to the decision of the case, since the alleged desertion by the wife upon which the husband sought a divorce occurred before the filing of her earlier suit for alimony against him, which was based upon his constructive desertion.

The *Ashman Case* cites the *Zukerberg Case* and *Kruse v. Kruse, supra,* in support of a statement that "All questions as to who was responsible for the separation of the parties before February 17, 1949 [the date of the final decree in the original proceedings] has been finally adjudicated in the former case and affirmed on appeal in favor of the wife * * *." In that case the same result could have been achieved by applying the same rule to the time prior to February 17, 1949, as to that subsequent thereto, within which the husband claimed that the parties had reached a voluntary separation agreement. During the whole of the period within which the alleged voluntary separation agreement must have been made (if made at all) the original case was pending in the trial court or in this court on appeal. Since the wife claimed desertion, the voluntary agreement (if made) would have rendered the case moot, but no suggestion to that effect was made. This Court said that the husband's petition filed in the original case after the decree against him had been affirmed was an attempt to reargue the former appeal, and went on to say: "The law requires that there should be an end of litigation, and where a party has had a full and fair opportunity presented of making all the defenses at his command to an asserted right or claim, and being well aware thereof does not do so, he cannot later be heard to say that he did not avail himself of them." (201 Md. 451, 94 A. 2d 259.)

In the *Kruse Case, supra,* also cited in the *Ashman Case,* it was held that a husband who had sought a divorce *a vinculo* on the ground of desertion, but obtained only a divorce *a mensa,* was not precluded by that decree from later seeking, by a new suit, a divorce *a vinculo* on the ground of desertion, in which the desertion was

alleged to have occurred before the filing of the first suit. This Court pointed out that the issues in the two cases were not necessarily identical because either the character or the duration of the desertion at the time of the first suit might have been sufficient to warrant a divorce *a mensa,* but not a divorce *a vinculo.*

We do not find that either the *Ashman Case* or the *Zukerberg Case* undertook to overrule the *Dearholt Case,* the cases therein cited, or any of the other cases above cited to the same effect, which do not permit a divorce to be granted on the basis of occurrences subsequent to the filing of the bill or cross-bill and allow evidence of such occurrences to be introduced only as reflecting upon intent or probabilities or revival of condoned offenses (as in *Schwab v. Schwab,* 96 Md. 592, 54 A. 653). We think that these latter cases establish the correct rule and that, under it, the wife's desertion of the husband on August 6, 1952, could not serve as the basis for granting him a divorce on his cross-bill filed a year earlier and that the decree of November 17, 1953, passed in the case instituted in 1951, consequently, is not a bar to the present suit or to the granting of a divorce based upon the 1952 desertion. See also *Miller, Equity Procedure,* Section 187, as to occurrences subsequent to the filing of the bill as not being within the proper scope of amendments to the original bill and Section 193 as to the scope of a supplemental bill.

The order of August 12, 1955 increasing the amount allowed for the support of the minor child of the parties is not involved in this appeal and is not affected thereby.

Finding no error in the decree appealed from, it will be affirmed.

*Decree affirmed, the costs to be paid by the appellee.*