## RUSSELL *v.* RUSSELL

[No. 144, September Term, 1960.]

*Decided February 17, 1961.*

The cause was argued before Henderson, Hammond, Horney, Marbury and Sybert, JJ.

*Wallace Dann,* with whom were *Howard Calvert Bregel* and *Calvert Ross Bregel* on the brief, for the appellant.

*Harold Lee Frankel,* with whom were *Joseph Jay Askin* and *Marvin J. Land* on the brief, for the appellee.

PER CURIAM.

The only question presented here is whether the evidence produced by appellee is sufficient to support the decree for permanent alimony passed by the chancellor.

The parties were married in 1936 and are childless. For many years, and during these proceedings, they have lived in a home owned by them in Baltimore City. Until recent years their marital career was uneventful. However, in 1957 the wife filed suit for divorce a mensa et thoro for reasons not made clear in the record. Later in the same year the parties became reconciled and that suit was abandoned. In July, 1959, the wife filed the instant action for permanent alimony, alleging constructive desertion and a course of conduct on the part of the husband which endangered her safety and health to such a degree as to result in nervous and physical impairment of her well-being. She also complained of lack of sufficient support. The husband answered, denying all material charges and accusing the wife of refusal to cohabit, persistent refusal to perform her household duties, and refusal to account for the excess of his weekly pay (all of which he gave her until 1956) over necessary expenses.

In her testimony, the wife's principal complaint was that her husband frequently drank beer to excess, and that such overindulgence caused him to lose control of his functions of elimination. This incontinence, she said, impelled her to leave their joint bedroom and sleep in the dining room. When pressed by the chancellor for details of such occasions, the wife described only one incident which, she indicated, occurred after the filing of the bill of complaint. She also charged her husband with being rough and abusive (without giving details), stated that "he would push me when he didn't want to have anything to do with me", and complained that he did not give her sufficient money for household expenses and

doctors' bills after he ceased giving her his whole pay check in 1956. The husband suggests that her desire for all of his pay is the root of the present difficulties. He admits his duty to support his wife, but resists being compelled to do so by decree. Corroboration of material elements by the wife's witnesses was nebulous.

The legislature has established statutory grounds for divorce (Code 1957, Art. 16, §§ 24, 25 and 26), and a divorce may be granted only when such grounds exist. *Smith v. Smith,* 198 Md. 630, 84 A. 2d 890 (1951); *Crumlick v. Crumlick,* 164 Md. 381, 165 Atl. 189 (1933); *Oertel v. Oertel,* 145 Md. 177, 125 Atl. 545 (1924).

Appellee must show that at least grounds for a divorce a mensa et thoro existed to be entitled to a decree for permanent alimony. *Zukerberg v. Zukerberg,* 188 Md. 428, 53 A. 2d 20 (1947); *Hokemeyer v. Hokemeyer,* 194 Md. 223, 71 A. 2d 15 (1950); *Moran v. Moran,* 219 Md. 399, 149 A. 2d 399 (1959).

We believe that the case of *Davey v. Davey,* 202 Md. 428, 96 A. 2d 606 (1953), is controlling here. There, the Court held that offensive habits of the husband, similar at least in repulsiveness to the acts complained of here, did not constitute sufficient grounds for a divorce. See also *Brault v. Brault,* 189 Md. 175, 55 A. 2d 497 (1947).

Inadequacy of support has also been found insufficient by this Court as a ground for divorce. *Smith v. Smith, supra; Wheeler v. Wheeler,* 101 Md. 427, 61 Atl. 216 (1905).

*Decree reversed, bill dismissed,*
*costs to be paid by appellant.*