CHARLES ERIC LYONS *v.* PATRICIA ANN LYONS

[No. 898, September Term, 1980.]

*Decided March 13, 1981.*

The cause was argued before LOWE, LISS and COUCH, JJ.

*Jerome A. Kuta* for appellant.

No brief or appearance for appellee.

LISS, J., delivered the opinion of the Court.

Charles Eric Lyons, appellant, and Patricia Ann Lyons, appellee, were married in Prince George's County, Maryland, on November 27, 1965. During the course of their marriage, they adopted Heather Noelle Lyons, born April 21, 1971.

On March 22, 1979 appellee filed a bill of complaint for a divorce *a mensa et thoro* in the Circuit Court for Anne Arundel County. She alleged therein that appellant had abandoned and deserted her on or about the 14th day of January, 1979. In her bill of complaint appellee sought a full panoply of relief. In addition to her request for a divorce *a mensa et thoro,* appellee prayed that the court grant her alimony *pendente lite,* permanent alimony, custody of the parties' minor child, counsel fees and money to cover the costs of the suit.

She further sought to avail herself of the provisions of Maryland Code (1980 Repl. Vol.) Courts and Judicial Proceedings Article, Subtitle 6A (Property Disposition in Divorce and Annulment). Appellee prayed that the court (1) declare the residence of the parties a "family home"; (2) grant a *pendente lite* use and possession order of that residence; (3) grant the use and possession of the home for not less than three years; (4) require appellant to pay the mortgage and taxes on the marital home and swimming pool; and (5) declare all the furnishings in the "family home" "family use property" to be awarded to her. In addition, she requested in her bill that the court determine the ownership of all personal and real property of the parties regardless of

how titled, including the business owned and operated by appellant known as Eric's Auto Center, Inc.; and to declare the parties' 1969 Corvette "family use" personal property to be awarded to her.

Appellant answered the bill of complaint, and the parties subsequently entered into a consent decree on July 10, 1979, by the terms of which appellant agreed to reside at a place other than the house owned jointly by the parties. The consent decree also specified that appellee would be entitled to use and possession of the home *pendente lite.* The decree further required appellant: (1) to pay $25 per week for support and maintenance of the minor child; (2) to continue to pay the mortgage, interest, taxes and insurance on the family home *pendente lite;* (3) to continue to make payments on the family swimming pool; and (4) to continue paying health and medical insurance premiums for the wife and minor child. Reasonable visitation rights were granted, and the questions as to alimony, counsel fees, and the distribution of property were reserved for a hearing on the merits.

On December 31, 1979, appellee filed a supplemental bill of complaint in which she alleged that the respondent's abandonment and desertion of her occurred on or about the 14th of January, 1979. Appellee further alleged that the desertion and abandonment were with the deliberate intention to terminate their marriage, and that the abandonment had continued uninterruptedly for more than twelve months prior to the time of the filing of the supplemental bill. She also alleged in her supplemental bill that there was no reasonable hope of reconciliation between the parties, and she thereby sought a divorce *a vinculo matrimonii* and prayed that she be "awarded those prayers as requested in the original bill of complaint."

The record discloses that an extensive hearing was held on February 25, 1980, and that numerous witnesses appeared on behalf of both parties. The testimony of these witnesses primarily concerned the marital status of the parties and the extent of their business dealings. At this hearing, appellee reiterated that appellant abandoned the marital home on or

about January 14, 1979. The chancellor held the case *sub curia* until April 23, 1980 when he issued a decree providing for the following:

(1) That Patricia Ann Lyons is divorced *a vinculo matrimonii* from Charles Eric Lyons;

(2) That custody of Heather Lyons is granted to Patricia Ann Lyons, with the right of visitation at reasonable times to Charles Eric Lyons;

(3) That Patricia Ann Lyons is awarded use and possession of the parties' marital home for a period of three years from this date;

(4) That Patricia Ann Lyons is awarded use and possession of the parties' personal property listed as "at home" on Defendant's Exhibit C for a period of three years from this date;

(5) That Charles Eric Lyons is awarded use and possession of the parties' personal property listed as "here" on Defendant's Exhibit C for a period of three years from this date;

(6) That Charles Eric Lyons continue to pay the mortgage, taxes, and insurance on the parties' marital (family) home;

(7) That Charles Eric Lyons continue to pay the mortgage on the home swimming pool;

(8) That Charles Eric Lyons pay to Patricia Ann Lyons $25 per week as child support;

(9) That Charles Eric Lyons pay to Patricia Ann Lyons $25 per week as alimony;

(10) That Patricia Ann Lyons is declared to be an owner of a one-third undivided interest in the business — known as Eric's Auto Center, Inc.;

(11) That Charles Eric Lyons pay to Patricia Ann Lyons $1,500 towards her attorney's fees and suit expenses by a year from this date, paying at least $500 by 1 November 1980;

(12) That Charles Eric Lyons pay the costs herein.

From this decree, appellant takes this appeal. He raises six issues to be decided by this Court:·

I. Whether the lower court erred in awarding $25 per week alimony to appellee because appellee's income is sufficient to care for her needs?

II. Whether the lower court erred in awarding counsel fees to appellee because appellee's income is sufficient to care for her needs?

III. Whether the lower court erred in awarding appellee one-third interest in appellant's corporation because said corporation is appellant's separate property?

IV. Whether the lower court erred in failing to issue findings of facts in this case?

V. Whether the lower court erred in failing to put a time limit on the mortgage payments it ordered appellant to make?

VI. Whether the lower court erred in ordering appellant to pay $25 child support per week?

Maryland Code Article 16, Section 24 (1957), sets out the grounds for a divorce *a vinculo* in Maryland. One such ground for divorce reads, in pertinent part:

Divorce a vinculo.

Upon a hearing of any bill for a divorce, the court may decree a divorce a vinculo matrimonii for the following causes, to wit:

\* \* \*

when the court shall be satisfied by competent testimony that the party complained against has abandoned the party complaining, and that such abandonment has continued uninterruptedly for at least twelve months, and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation; . . . .

It is clear from our examination of the record extract and the docket entries in this case that the supplemental bill of complaint was filed prematurely. Appellee's bill alleged desertion on January 14, 1979; the supplemental bill was filed December 31, 1979. Furthermore, appellee herself testified that appellant abandoned her on January 14, 1979. It is clear to us from these facts that the Circuit Court for Anne Arundel County had no authority to enter a decree *a vinculo matrimonii* based upon the allegations in the bill of complaint and the testimony before the court in that the statutory mandate of Article 16, Section 24, *supra,* requiring a twelve month separation period, had not been complied with. Moreover, such a defect cannot be cured by the fact that at the time the case was held in open court, the one-year jurisdictional period had expired. The Court of Appeals, in *Besche v. Besche,* 209 Md. 442, 452, 121 A.2d 708 (1956), noted in discussing what evidence may be considered in support of a bill of complaint that the cases cited therein "do not permit a divorce to be granted on the basis of occurrences subsequent to the filing of a bill or cross bill and allow evidence of such occurrences to be introduced only as reflecting upon intent or probabilities or revival of condoned offenses [citation omitted]." *See Ashman v. Ashman,* 201 Md. 445, 94 A.2d 257 (1953); *Zuckerberg v. Zuckerberg,* 188 Md. 428, 53 A.2d 20 (1947); *Dearholt v. Dearholt,* 178 Md. 405, 13 A.2d 538 (1940). *See also Miller, Equity Procedure,* Sections 187, 193. In light of the factual circumstances before the chancellor at the time of the trial, we conclude that he was not authorized to enter the decree *a vinculo matrimonii* divorcing the parties. We shall vacate this decree in its entirety.

We call to the attention of the chancellor that portion of the vacated decree which declares the appellee to be an owner of a one-third undivided interest in the business known as Eric's Auto Center, Inc. We are unable to determine from the record the legal basis upon which that award was made to the appellee. We were given no guidance by the chancellor as to the manner in which he arrived at his conclusion that the wife was entitled to a one-third interest

in the business. The chancellor ignored the requirements of Maryland Rule 18 b, which provides:

> Before or within fifteen days after entry of an appealable judgment in a contested action tried upon the merits without a jury, the court shall dictate to the court stenographer or reporter, or prepare and file in the action, a brief statement of the grounds for its decision and the basis of determining the damages, if any.

Article 16, § 209, 1951 Code, now repealed, provided that in all equity cases it should be the duty of the court to file an opinion in respect of any final decree when such decree should have passed upon argument. Baltimore City and Prince George's County were excepted. Section b of this Rule, applicable to both law and equity, is a modification of that statute.

We express no opinion as to whether the chancellor was authorized to award to the wife the one-third interest in the corporation which he did award. We do call attention to the provisions of Courts and Judicial Proceedings Article § 3-6A-05 (1980 Repl. Vol.) which permits a *monetary award* based upon marital property.

> *Decree vacated, costs to be paid by appellant.*